**Barney C. GUTTMAN, Plaintiff,**

v.

**J. Baxter BRINKMANN et al., Defendants.**

**Civ. A. No. 75–166.**

United States District Court,
W. D. Pennsylvania.

March 31, 1976.

Gerald S. Lesher, Pittsburgh, Pa., for plaintiff.

Seymour J. Schafer, Pittsburgh, Pa., for defendants.

## OPINION

GOURLEY, Senior District Judge:

This is a civil action brought by the plaintiff, Barney C. Guttman, against the defendants, J. Baxter Brinkmann and Computer Graphics, Inc., pursuant to Section 10(b) of the Securities Exchange Act of 1934; 15 U.S.C.A., Section 78j(b) and Rule 10b–5 promulgated thereunder. The Court has afforded the parties a full and complete opportunity to be heard and to present any and all evidence, oral or documentary in nature, and has considered the briefs and arguments of counsel. At the conclusion of plaintiff's case, defendants rested their case and moved for summary judgment. Based on all the evidence presented, it is the considered judgment of the Court that defendants' Motion for Summary Judgment should be granted.[1]

The facts may be briefly stated. The plaintiff, Barney C. Guttman, purchased 400 shares of common stock in the defendant corporation, Computer Graphics, Inc., on January 5, 1970. A little over one year later, on March 22, 1971, the defendant, J. Baxter Brinkmann, purchased 20,000 shares of stock in Computer Graphics, Inc. and became the largest single shareholder owning approximately 26% of the outstanding stock. The defendant, Brinkmann, also became the President of the defendant corporation on March 22, 1971, and later, on June 7, 1971, he became a Director of the corporation.

The record reflects that plaintiff brought this action pursuant to Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 seeking damages for fraudulent conduct allegedly committed by the defendant, J. Baxter Brinkmann, in connection with his operation of the defendant corporation during the years 1972 through 1974. More specifically, plaintiff contends that after the defendant became the Director of the corporation, the corporate assets dropped significantly as a result of the defendant's failure to utilize either the resources of the corporation or his own energies to the benefit of said corporation.

Section 10(b) of the Securities Exchange Act of 1934 provides in pertinent part:

" . . . it shall be unlawful for any person . . . (b) to use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors."

Rule 10b–5, 17 C.F.R., § 240.10b–5, provides as follows:

"§ 240.10b–5 Employment of manipulative and deceptive devices.

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

"(a) To employ any device, scheme, or artifice to defraud,

"(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

"(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

1. On October 30, 1975, the action as to Midwest Rubber Reclaiming Company and Narceo B. V. was dismissed with prejudice.

48

"in connection with the purchase or sale of any security."

 The law is well settled that a plaintiff seeking to recover damages pursuant to Section 10(b) and Rule 10b–5 must establish that under the expanded definitions of purchase, sale, and fraud he has suffered injury as a result of deceptive practices in connection with his purchase or sale of securities. *Edelman v. Decker*, 337 F.Supp. 582 (E.D.Pa.1972). Moreover, the broadest anti-fraud provision of the Exchange Act, Section 10(b), specifically limits recovery to purchasers and sellers. The record reveals that plaintiff purchased his shares of stock in 1970 and that the alleged wrongdoing by the defendant took place subsequent to that date.

Section 10(b) and Rule 10b–5 were aimed at misrepresentation or fraudulent practices associated with the sale or purchase of securities rather than the fraudulent mismanagement of corporate affairs and breaches of fiduciary duty by corporate insiders resulting in fraud upon those not purchasers or sellers. Only those persons claiming damages in connection with the purchase or sale of securities may bring an action under Section 10(b) or Rule 10b–5. *Birnbaum v. Newport Steel Corp.*, 193 F.2d 461 (Second Cir.), *cert. denied*, 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952). The Supreme Court in *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975) recently affirmed this holding and in its decision held:

"The *Birnbaum* rule, on the other hand, permits exclusion prior to trial of those plaintiffs who were not themselves purchasers or sellers of the stock in question. The fact of purchase of stock and the fact of sale of stock are generally matters which are verifiable by documentation, and do not depend upon oral recollection, so that failure to qualify under the Birnbaum rule is a matter that can normally be established by the defendant either on a motion to dismiss or on a motion for summary judgment."

Very simply, plaintiff acquired his stock in the defendant corporation before and held it throughout defendant's alleged illegality. Accordingly, since the Court can find no evidence that would establish that plaintiff's loss was related to or connected with the purchase or sale of any securities he has no standing under Section 10(b) of the Securities Exchange Act or Rule 10b–5 to bring this action.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate Order is entered.