Michael KUZMICKEY and Genevieve, h/w, on behalf of themselves and all other stockholders of Dunmore Corporation

v.

DUNMORE CORPORATION et al.

Civ. A. No. 76–419.

United States District Court, E. D. Pennsylvania.

Sept. 13, 1976.

Herman Winderman, Pepper & Winderman, Philadelphia, Pa., for plaintiffs.

Frank D. Allen, Wright, Thistle & Gibbons, Paul Leo McSorley, Philadelphia, Pa., for defendants.

## MEMORANDUM

McGLYNN, District Judge.

■ Plaintiff, Genevieve Kuzmickey,[1] alleging that she is the owner of 16% of Dunmore Corporation (Dunmore) stock initially instituted this action on behalf of herself and all other similarly situated

---

1. Although this suit was brought in the names of Michael and Genevieve Kuzmickey, husband and wife, it is undisputed that Michael does not own any Dunmore stock. The sixteen shares are owned solely by Genevieve and, therefore, Michael does not have a cause of action either in his own right or derivatively. Accordingly, the motion to dismiss will be granted as to all claims asserted by Michael Kuzmickey and hereinafter Genevieve Kuzmickey will be treated as the sole party plaintiff.

stockholders of Dunmore against Dunmore and two of its officers, Sullivan and Kloss,[2] invoking the jurisdiction of this Court pursuant to the provisions of § 22(a) of the Securities Act of 1933, as amended, 15 U.S.C. § 77v(a) and 28 U.S.C. § 1332. The individual defendants filed a motion to dismiss the complaint which was granted on April 28, 1976 without prejudice to the filing of an amended complaint.

Plaintiff amended her complaint, this time invoking jurisdiction under § 27 of the Securities and Exchange Act of 1934 (Act of 1934), 15 U.S.C. § 78aa with regard to the first count and 28 U.S.C. § 1332 with regard to the second count, for claimed violations of § 10(b) of the Act of 1934, 15 U.S.C. § 78j[3] and Securities Exchange Commission Rule 10b–5 (17 C.F.R. § 240.-10b–5)[4] promulgated thereunder and, for breaches by the individual defendant of their fiduciary duties.

The individual defendants moved to dismiss the amended complaint for failure to state a claim upon which relief may be granted and have submitted affidavits in connection therewith.

Because we find that plaintiff lacks standing to bring this suit both derivatively and individually, based in part upon consideration of matters outside the pleadings, the motion is treated as one for summary judgment and is granted.

The first count of the amended complaint containing the claimed violations of the Act of 1934 pertains to the purchase by Dunmore of stock in an affiliate corporation, Dec-Trend Co., involving an expenditure of approximately $18,000.00. Plaintiff contends that the individual defendants "fraudulently purchased stock" on behalf of Dunmore without the consent or authorization of the shareholders and in contravention of the by-laws of Dunmore.[5] Furthermore, the investment, according to plaintiff, was made "at the insistence and advice of the individual defendants" even though Dunmore was not financially in a position to speculate, especially in a concern such as Dec-Trend whose financial condition did not reflect a positive growth potential.

Plaintiff seeks a declaration that this purchase of stock in Dec-Trend was procured by fraud of the individual defendants and a judgment in favor of Dunmore in the amount of $18,000.00.

**2.** Sullivan and Kloss are the President and Vice-President respectively as well as directors of Dunmore.

**3.** Section 10(b) of the Act of 1934 provides, in relevant part:

. . . it shall be unlawful for any person . . . (b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

**4.** Rule 10b–5, 17 C.F.R. § 240.10b–5, provides:

§ 240.10b–5 Employment of manipulative and deceptive devices.

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

(a) To employ any device, scheme, or artifice to defraud,

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in connection with the purchase or sale of any security.

**5.** Amended Complaint, ¶ 8. The latter portion of this allegation is more explicitly set forth in ¶ 10:

Plaintiffs believe and therefore aver that the individual defendants fraudulently amended the charter and by-laws of Dunmore Corporation to permit the purchase of stock hereinbefore described. Plaintiffs also believe and aver that individual defendants fraudulently did not give required notice to plaintiffs of the meeting of stockholders at which said stock purchase was approved.

The second count of the amended complaint also stems from Dunmore's purchase of Dec-Trend stock; but, the claim here is against the individual defendants for mismanagement, waste of corporate assets and other breaches of fiduciary duties.[6]

Plaintiff contends that a loss of approximately $115,500.00 in net worth of Dunmore over a twelve month period is "directly related to the gross neglect and inattention, palpable breach of trust, and wilful mismanagement and malfeasance in the control of the corporate affairs by the individual defendants."[7] Additional allegations of fiduciary violations include: defendants' refusal to exhibit to the plaintiff the requisite authorizations for officers' salaries, travel expenses and entertainment expenses. Plaintiff also avers that the defendants improperly expended $19,975.00 for professional fees and refuse to disclose the nature of the expenditure.[8]

The prayer of the second count is for an order directing that a detailed accounting of the financial status of Dunmore be made, that an injunction issue preliminarily restraining the officers and directors from disposing of the assets of Dunmore, that a receiver be appointed, that the officers and agents transfer all property to a receiver, that the officers and directors account to the receiver for any salary received without proper authorization and, finally, that Dunmore pay plaintiff's legal expenses.

It is the defendants' contention that the first count does not state a cause of action under the Act of 1934 and Rule 10b–5. In addition, they challenge the propriety of treating this action as a derivative suit inasmuch as plaintiff does not fairly and adequately represent the interests of any other shareholders of Dunmore and in this regard they have submitted the affidavits of the remaining Dunmore shareholders.

▮▮▮ Initially, we note the limitation placed upon private action plaintiffs seeking damages pursuant to § 10(b) of the Act of 1934 and Rule 10b–5 by *Birnbaum v. Newport Steel Corp.*, 193 F.2d 461 (2d Cir.), cert. denied, 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952). This limitation, recently affirmed in *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975), requires the plaintiffs in such a suit to be either buyers or sellers of the securities involved in the alleged fraud. *Kusner v. First Pennsylvania Corp.*, 531 F.2d 1234, 1237 (3d Cir. 1976); *Thomas v. Roblin Industries, Inc.*, 520 F.2d 1393, 1396 (3d Cir. 1975).

Obviously, since plaintiff neither bought nor sold Dec-Trend stock she lacks standing in her individual capacity under the *Birnbaum* rule. *See Guttmann v. Brinkmann*, 410 F.Supp. 46, 48 (W.D.Pa.1976).

Nor does the plaintiff come within the exception which permits shareholders, who suffer loss in the value of their investment due to corporate or insider activities in connection with the purchase or sale of securities which violate Rule 10b–5, to "circumvent the *Birnbaum* limitation through bringing a derivative action on behalf of the corporate issuer if the latter is itself a purchaser or seller of securities. *See, e. g. Schoenbaum v. Firstbrook*, 405 F.2d 215, 219 (2d Cir. 1968), cert. denied, sub nom. *Manley v. Schoenbaum*, 395 U.S. 906, 89 S.Ct. 1747, 23 L.Ed.2d 219 (1969)." *Blue Chip Stamps*, supra, 421 U.S. at 738, 95 S.Ct. at 1926, 44 L.Ed.2d at 550. This exception is inapplicable since Dec-Trend and not Dunmore is the corporate issuer and this action is not brought against Dec-Trend.

Moreover, it is obvious from a fair reading of the complaint that the gravamen of plaintiff's case is the claim of mismanagement and malfeasance by Dunmore's officers and directors. There are no allegations of fraud or misrepresentation on the part of the sellers of the Dec-Trend stock. Section

---

**6.** Jurisdiction is predicated upon diversity of citizenship. Plaintiff is a citizen of New Jersey while the individual defendants are citizens of states other than New Jersey and the corporate defendant, a Pennsylvania corporation, maintains its principle place of business in the Commonwealth. The requisite amount in controversy has been alleged.

**7.** Amended complaint, ¶ 17.

**8.** Amended complaint, ¶¶ 15–16.

10(b) and Rule 10b–5 are aimed at misrepresentation or fraudulent practices perpetrated upon the purchaser or seller of securities and not fraudulent mismanagement of corporate affairs and breaches of fiduciary duty by corporate managers. *Schoenbaum v. Firstbrook, supra*; *Brinkmann, supra* at 48; *see also Walner v. Friedman*, 410 F.Supp. 29 (S.D.N.Y.1975). It is clear, then, that plaintiff does not have a cause of action under the Act of 1934 and Regulations issued pursuant thereto.

■ Whatever remedies the plaintiff has must be found elsewhere. This brings us to the second count. of the amended complaint—the derivative action which alleges mismanagement, malfeasance and breaches of trust on the part of the individual defendants as officers and directors of the corporation. The question presented by the defendants' motion to dismiss is whether under Rule 23.1, F.R.Civ.P., a single shareholder who owns 16% of the stock of a corporation can maintain a derivative action in the face of opposition by the remaining eight shareholders.[9]

Rule 23.1 states, in part:

In a derivative action brought by one or more shareholders or members to enforce a right of a corporation . . ., the corporation . . . having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege (1) that the plaintiff was a shareholder or member at the time of the transaction of which he complains or that his share or membership thereafter devolved on him by operation of law, and (2) that the action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort. *The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation . . ..* (emphasis added)

■ Plaintiff avers in her amended complaint that she "fairly and adequately represents the interests of the shareholders similarly situated."[10] The individual defendants, who own 70% of the Dunmore stock between them, on the other hand, point out that plaintiff's interests are obviously antagonistic to theirs and they have submitted affidavits of the remaining six shareholders each of whom contends that the plaintiff does not represent their interest and, that the suit is not brought in the best interest of the corporation.[11]

**9.** Although the point has not been raised by any of the parties, it should be noted that the applicable Pennsylvania law governing derivative actions does not require the shareholder bringing the suit to "fairly and adequately represent the interest of shareholders". The Pennsylvania statute simply provides that an action to enforce a secondary right on behalf of a corporation may be brought by "one or more shareholders". 15 P.S. § 1516. However, the Rules of Decision Act, 28 U.S.C. § 1652, and *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and its progeny require the application of rules drawn from state law to a question before a federal court sitting in a diversity case where no federal statute or constitutional rule displaces that law. Application of federal rule 23.1, therefore, falls within the exception clause of the Rules of Decision Act and the Act by its terms does not require

application of state law. Thus, where one of the Federal Rules of Civil Procedure applies, it should not be disregarded in the face of conflicting state rules. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Palmer v. Ford Motor Co.*, 498 F.2d 952 (10th Cir. 1974).

**10.** Amended Complaint, ¶ 5.

**11.** It has long been the rule that the Court may consider matters outside the pleadings whenever an issue evolves preliminarily touching upon the legal prerequisites to the maintenance of a cause of action. *Victory v. Manning*, 128 F.2d 415 (3d Cir. 1942); *Gallup v. Caldwell*, 120 F.2d 90 (3d Cir. 1941) (a "speaking" motion). This approach was formalized by the 1946 amendment to Rule 12(b), F.R.Civ.P. *See* 2A Moore's *Federal Practice* ¶ 12.09, at 2297. The amendment added the following:

 These affidavits make it readily apparent that plaintiff does not represent anyone but herself for there are no other shareholders who are "similarly situated", viz., shareholders who are dissatisfied with the actions of the officers and directors of Dunmore. *Compare Hornreich v. Plant Industries, Inc.*, 535 F.2d 550 (9th Cir. 1976) with *Shulman v. Ritzenberg*, 47 F.R.D. 202 (D.C.1969).

While I recognize it is not necessary in a derivative action that the plaintiff have the support of all the minority shareholders, *see, e. g. Nolen v. Shaw-Walker Co.*, 449 F.2d 506, 508 n.4 (6th Cir. 1971), here plaintiff has no support at all.

It seems to me the language of Rule 23.1 is clear that a derivative action may not be maintained unless the plaintiff represents "interests of shareholders" other than herself. If a derivative action could be maintained by a single non-representative shareholder, this language would be unnecessary.

Accordingly, I conclude that plaintiff does not meet the requirements of Rule 23.1 in that she does not fairly and adequately represent the interests of similarly situated shareholders.[12]

 Finally, plaintiff's claim based upon defendants' refusal to allow inspection of the corporate records must be dismissed. I do not agree with plaintiff that the failure to make a written request is immaterial. Section 308b of the Pennsylvania Business Corporation Law, 15 P.S. § 1308B (1968), is quite explicit in providing that

"Every shareholder shall, *upon written demand under oath stating the purpose thereof*, have a right to examine in person or by agent or attorney, during the usual hours for business for any proper purpose, the share register, books or records of account, and records of the proceedings of the shareholders and directors, and make copies or extracts therefrom. . . ." (emphasis added)

Accordingly, Count I will be dismissed for failure to state a claim upon which relief may be granted, and summary judgment will be granted in favor of the defendants on Count II for the reason that the plaintiff does not meet the requirements of Rule 23.1 and, therefore, the derivative action may not be maintained.

---

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Rule 12(b), F.R.Civ.P.

12. While application of Rule 23.1 will preclude plaintiff from going forward here, this by no means denies her the full panoply of rights available to her as a minority or dissenting shareholder in the Pennsylvania Courts under the Pennsylvania Business Corporation Law, 15 P.S. § 1001 *et seq.*