592 P.2d 14 (1978)
Paul B. CLEMONS, on behalf of himself and all other stockholders of G. M. Wallace & Co., a corporation, Plaintiff-Appellant,
v.
George M. WALLACE, J. R. Crowley, and G. M. Wallace & Co., a corporation, Defendants-Appellees.
No. 78-720.
Colorado Court of Appeals, Division III.
December 21, 1978.
Rehearing Denied January 18, 1979.
Certiorari Denied March 19, 1979.
*15 Cooke, Gilles & Schaefer, Elwyn F. Schaefer, William J. deWinter, Denver, for plaintiff-appellant.
Holland & Hart, Harry L. Hobson, James E. Hartley, Denver, for defendants-appellees.
RULAND, Judge.
This case was initiated as a stockholder's derivative suit pursuant to C.R.C.P. 23.1. Based upon the fact that plaintiff Paul B. Clemons was the only stockholder pursuing the action, the trial court entered a summary judgment dismissing the amended complaint. We reverse and remand for additional proceedings.
The record reflects that the action was originally filed by Clemons and Raymond E. Kunkel as two of five minority stockholders in G. M. Wallace Co. against defendants George M. Wallace and John R. Crowley as directors and officers of the corporation. By way of brief summary, the complaint alleged fraud and breach of fiduciary duty by the defendants in their personal participation in a corporate opportunity as well as misuse of corporate funds by Wallace.
Subsequent to commencement of this action, the corporation and Wallace acquired the stock of all of the minority shareholders except Clemons and J. B. Phillips. Phillips filed an affidavit with the trial court stating that he was the "owner of 2047 shares," that he had elected not to participate in the lawsuit, that the litigation constituted a "severe drain" on the corporation's assets, and that he wished to have the case dismissed. However, in his deposition Phillips summarized his relationship with the corporation by stating that "when I left the Company in 1971, the Company bought my stock, they just haven't paid me for it yet. . .."
Insofar as pertinent here, C.R.C.P. 23.1 provides:
"In a derivative action brought by one or more shareholders . . . to enforce a right of a corporation . . . the complaint shall be verified and shall allege that the plaintiff was a shareholder . . at the time of the transaction of which he complains or that his share or membership thereafter devolved on him by operation of law. . . . The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association. . . ."
Relying upon Kuzmickey v. Dunmore Corp., 420 F.Supp. 226 (E.D.Pa.1976), defendants contend that the ruling of the trial court was correct. In Kuzmickey the court dismissed a derivative action brought by a shareholder who owned 16 percent of the stock of the corporation because all six of the other shareholders had signed affidavits stating that the plaintiff did not represent them and that the suit was not in the best interests of the corporation. Defendants also rely upon cases such as S. Solomont & Sons Trust v. New England Theatres Operating *16 Corp., 326 Mass. 99, 93 N.E.2d 241 (1950) for the proposition that a derivative suit may not be maintained if a majority of the "disinterested" stockholders conclude that it should not be pursued. However, even assuming that we should adopt the rules announced in these cases, those rules do not support the contentions of defendants under the circumstances of this case.
A comparison of Phillips' affidavit with his deposition reveals a direct conflict as to whether he may be considered a stockholder of the corporation, and, if so, whether he may be labeled as disinterested. If, as Phillips states, the corporation has purchased his stock, there are no other minority shareholders similarly situated with Clemons. And, we do not view C.R.C.P. 23.1 as precluding a derivative suit by a corporation with only one minority stockholder. If, on the other hand, Phillips still retains ownership of his stock, his self interest is evident in that he seeks to preserve the corporate assets in order to consummate the purchase of his stock. Thus, on this state of the record, entry of summary judgment was improper under the rules announced in either Kuzmickey or S. Solomont & Sons Trust.
The judgment is reversed and the cause remanded with directions to reinstate Clemons' complaint and for further proceedings to resolve the other grounds urged by defendants in support of their motion for summary judgment.
PIERCE and VanCISE, JJ., concur.