COLLETTE I. DORSEY, Petitioner-Appellee, *v.* THOMAS G. DORSEY, Respondent-Appellant.

Fifth District    No. 79-345

Opinion filed August 5, 1980.

Harlan Heller, Ltd., of Mattoon (Brent Holmes, of counsel), for appellant.

K. Rick Keller, State's Attorney, of Effingham, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Respondent, Thomas Dorsey, appeals from the judgment of the Circuit Court of Effingham County denying his motion to vacate a default judgment under the Revised Uniform Reciprocal Enforcement of Support Act (Ill. Rev. Stat. 1977, ch. 40, par. 1201 *et seq.*) for arrearages in child support.

The parties were divorced by the Orange County Superior Court in California in 1961. In the decree, respondent was ordered to pay petitioner $85 monthly in child support for their daughter until she attained majority. The parties agree that respondent made regular payments through the Family Support Division of the Orange County district attorney's office until April 1, 1964. At that time, according to respondent, the district attorney's office notified him that Mrs. Dorsey had moved without leaving any forwarding address and returned respondent's April payment. Dorsey thereupon ceased making payments. In March 1976, respondent renewed contact with his ex-wife and resumed sending regular support checks until February 1, 1977, when the daughter became 18.

On July 1, 1978, petitioner registered her divorce decree with the trial court pursuant to section 39 of the Revised Uniform Reciprocal Enforcement of Support Act (URESA) (Ill. Rev. Stat. 1977, ch. 40, par. 1239). In her supporting affidavit she alleged that respondent owed her arrearages in the amount of $13,515 for the period between March 1964 and March 1976 and also for five months in 1978 when their daughter was in school after her 18th birthday.

Both parties appeared before the trial court on July 19, 1978. Respondent, who was not then represented by counsel, alleged that he had made interim payments through a court in Virginia and requested a continuance to obtain court records. On September 20, 1978, when the case was called for hearing, respondent was not present. Petitioner was present and testified that she had indeed left a forwarding address with the district attorney in California when she moved from Orange County to Los Angeles and that when she learned respondent had moved to Virginia, she had contacted the Orange County child support division in an attempt to enforce the support order. The court entered a default judgment against respondent in the amount of "$12,070 arrearage," the sum of monthly payments which had accrued prior to the daughter's 18th birthday.

Through counsel, respondent filed a timely motion to set aside the default pursuant to section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 50(5)). In his motion, respondent set forth the history of his wife's alleged absence and asserted that her disappearance excused nonpayment and also violated the visitation provisions of the divorce decree. Respondent averred that his absence on the continued date of the hearing was inadvertent and caused by excusable conduct in that his employer sent him out of town on business that day and he was also distraught by his father's recent hospitalization. The motion was denied by the trial court, as was his motion for reconsideration.

Respondent cites numerous cases that support a liberal approach in setting aside default judgments under section 50(5). The supreme court, with three justices dissenting, has held that the reversal of a default judgment did not require a determination that the trial court had·abused its discretion. (*Patrick v. Burgess-Norton Manufacturing Co.* (1976), 63 Ill. 2d 524, 349 N.E.2d 52.) The court cited *People ex rel. Reid v. Adkins* (1971), 48 Ill. 2d 402, 406, 270 N.E.2d 841, 843, where it had commented on section 50(5) as follows:

> "Under this section, it is no longer necessary that such relief be sought on the precise grounds that there is a meritorious defense and a reasonable excuse for not having timely asserted such defense. The overriding consideration now is whether or not substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits."

■■ Respondent recognizes that whether he has asserted meritorious defenses or a good excuse are factors that should be considered in determining whether the judgment should be set aside, citing *Keafer v. McClelland* (1974), 23 Ill. App. 3d 1035, 321 N.E.2d 136. Other factors to be weighed include the hardship that would be imposed in requiring the opposing party to go to trial and the severity of the liability imposed by the default. *Dalton v. Blanford* (1978), 67 Ill. App. 3d 91, 383 N.E.2d 806.

Applying these considerations, we cannot conclude that the trial court's actions denied the respondent substantial justice, or that it would be reasonable under the circumstances to require the petitioner to appear a second time for trial on the merits. The core of respondent's theory on appeal is his contention that he has a meritorious defense to the petitioner's claim for arrearages. Namely, he asserts that the petitioner moved without providing a forwarding address, thereby violating his visitation privileges and preventing him from making support payments. He argues that the Illinois courts have recognized that "* * *" such unusual and extreme circumstances may legally excuse the respondent from making child support payments * * *," citing *Cooper v. Cooper* (1978), 59 Ill. App. 3d 457, 375 N.E.2d 925.

■■■ Initially, we note that child support arrearages constitute a vested right under Illinois law and are specifically enforceable under URESA. (Ill. Rev. Stat. 1979, ch. 40, par. 1209; *People ex rel. Kerl v. Kerl* (1979), 75 Ill. App. 3d 347, 393 N.E.2d 1305.) Also, even after a child reaches majority, the custodian does not lose her right to recover arrearages which accrued at the time of the child's minority. *Fox v. Fox* (1978), 56 Ill. App. 3d 446, 371 N.E.2d 1254.

The petitioner complied with the provisions in URESA for the registration and enforcement of a foreign support order in Illinois. (Ill. Rev. Stat. 1979, ch. 40, pars. 1235 through 1240.) In the respondent's initial court appearance, prior to retaining counsel following the default, he sought to raise a question concerning payments made through a Virginia court. However, during the proceedings to set aside the default, he did not assert that he had in fact paid any part of the arrearage accruing from April 1964 to March 1976. At the hearing on the motion to reconsider he attacked the petitioner's claim for arrearages accruing after the child reached majority. However, the court had already disallowed this part of petitioner's claim in entering judgment, allowing only $12,070 of the petitioner's original claim for $13,515. In his brief on appeal, the respondent does not contend that he actually made any support payments during the period from April 1964 to March 1976 upon which the court's judgment was entered.

Duties of support under URESA are those imposed under the laws of any State where the obligor was present for the period during which support is sought, and the obligor is presumed to have been present in the responding State during the period for which support is sought until otherwise shown. (Ill. Rev. Stat. 1979, ch. 40, par. 1207.) Here the respondent has not sought to overcome the presumption that the laws of Illinois, as the "responding State," apply to determine his liability for the arrearage in support. Rather, he contends that under Illinois law his liability for the arrearage was legally excused by the petitioner's actions, citing *Cooper v. Cooper.*

*Cooper v. Cooper* held that it was proper to provide a hearing to consider terminating support where the mother had allegedly sought to frustrate visitation by "poisoning the children's minds" against their father, where the father had repeatedly sought to enforce his visitation privileges, and where the mother was independently wealthy. *Cooper* specifically recognized that a violation of visitation terms does not excuse a father's obligation of support. A father's reliance on *Cooper* was held to be misplaced in *People ex rel. Winger v. Young* (1979), 78 Ill. App. 3d 512, 397 N.E.2d 253, where the father unsuccessfully contended that his duty to continue paying support was negated by his wife's having moved to Wisconsin and her keeping the child's whereabouts hidden from him. (See also *Huckaby v. Huckaby* (1979), 75 Ill. App. 3d 195, 393 N.E.2d 1256.) *People ex rel. Winger v. Young* held that under URESA a responding court lacks authority to withhold child-support payments until a custodial parent makes the child available for visitation.

Here we find a notable absence of the "extreme and unusual" circumstances asserted by the father in *Cooper*. The instant petitioner traveled from California to Illinois to be present at the hearing on her

claim for the arrearage. She testified that she had left a forwarding address when she moved from Orange County to Los Angeles and that she had obtained the assistance of the Orange County child-support division in attempting to secure payments from the respondent in 1964 after he had moved to Virginia. There is no indication that the respondent ever sought to enforce his visitation rights or locate the petitioner. The petitioner does not appear to be possessed of "substantial wealth" as was the mother in *Cooper*. Furthermore, the support termination to be considered on remand in *Cooper* related only to future payments, and the father was held in contempt for refusing to pay arrearages which accrued even after the filing of his petition to terminate support.

■ In summary, while we recognize that the setting aside of the default does not strictly depend on the presentation of a meritorious defense, we find no basis for concluding that the trial court denied the defendant substantial justice in refusing to set aside the judgment here. A setting aside of the judgment would serve no purpose where the record reveals no unresolved dispute relevant to the decision. Therefore, the judgment of the Circuit Court of Effingham County is affirmed.

Affirmed.

HARRISON and SPOMER, JJ., concur.