**HALSTED VIDEO, INC., an Illinois corporation, and Joseph Mastro, Plaintiffs,**

**v.**

**James GUTTILLO, Paul Guttillo, Carlo Guttillo, Kevin Fitzpatrick, and Michael Huels, Defendants.**

**No. 85 C 6890.**

United States District Court, N.D. Illinois, E.D.

Feb. 27, 1987.

See also, D.C., 635 F.Supp. 1402.

Stuart Smith, Jean Marie R. Pechette, Gordon & Glickson, P.C., Chicago, Ill., for plaintiffs.

Benjamin P. Hyink, Paul T. Falk, Drugas, Morgan & Hyink, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Plaintiff Joseph Mastro brought this derivative action on behalf of Halsted Video, Inc. ("Halsted Video") against its four corporate officers and its accountant. Mastro alleges that the four corporate officers skimmed funds belonging to the corporation for their own use by falsifying financial documents and failing to report income, and that the accountant knowingly prepared the false documents. The complaint consists of state law counts of fraud, breach of fiduciary duties, misappropriation of corporate assets, negligence, conspiracy and conversion, and four counts arising under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* Defendants now move for

summary judgment based on Rule 23.1 of the Federal Rules of Civil Procedure. Their motion is denied.

Defendants first argue that Mastro does not fairly and adequately represent the interest of Halsted Video shareholders. Rule 23.1 provides in relevant part that

> [t]he derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association.

■ Whether a plaintiff in a derivative action satisfies this requirement is a matter addressed to the trial court's discretion. *See, e.g., Owen v. Modern Diversified Indus., Inc.*, 643 F.2d 441, 443 (6th Cir.1981). The burden is on the defendants to show that the plaintiff will not fairly and adequately represent the corporation and its shareholders. *See, e.g., Ohio-Sealy Mattress Mfg. Co. v. Kaplan*, 90 F.R.D. 21, 25 (N.D.Ill.1980).

■ In support of their motion defendants rely solely on facts pleaded by Mastro in his complaint. Halsted Video is a closely-held corporation with 100 shares of stock outstanding. Mastro owns 20 of those shares. Each of Halsted Video's corporate officers also owns 20 shares. There are no other shareholders. Defendants contend that Mastro's interests are antagonistic to Halsted Video's other shareholders because Mastro has named all of them as defendants in this lawsuit. According to defendants, because Mastro cannot fairly and adequately represent the interests of those shareholders, he cannot maintain this action under Rule 23.1.

■ This argument is unpersuasive. Rule 23.1 does not require that derivative action plaintiffs have the support of a majority of the shareholders or even that they be supported by all of the minority shareholders. *See, e.g., Nolen v. Shaw-Walker Co.*, 449 F.2d 506, 508–09 n. 4 (6th Cir. 1971). The true measure of adequacy of representation under Rule 23.1 is not how many shareholders the plaintiff represents but rather how well the representative plaintiff advances the interests of similarly situated shareholders. *See, e.g., Schupack v. Covelli*, 512 F.Supp. 1310, 1312 (W.D.Pa. 1981). For example, in *Ohio-Sealy* plaintiffs representing less than one percent of the corporation shares sued defendants owning more than 90 percent of the shares. The court held that the plaintiffs were adequate representatives under Rule 23.1, notwithstanding the relatively small number of shares they owned. 90 F.R.D. at 25. *See generally* 7C C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 1883 (2d ed. 1986); 3B J. Moore & J. Kennedy, *Moore's Federal Practice* ¶ 23.1.16[3] (2d ed. 1985).

■ Therefore, defendants cannot argue that Mastro is an inadequate representative merely because the defendants control 80 percent of Halsted Video shares. Nor can the defendants argue that he is an inadequate representative just because his interests are adverse to those of the defendant shareholders. Nevertheless, defendants maintain that Mastro is an inadequate representative because he does not represent the interests of any shareholders other than himself.

Defendants cite one case, *Kuzmickey v. Dunmore Corp.*, 420 F.Supp. 226, 230–31 (E.D.Pa.1976), which, although factually distinguishable, lends some support to their argument. *Kuzmickey* involved a derivative action filed on behalf of Dunmore Corporation by a shareholder who owned 16 percent of its shares. Among the defendants were two of Dunmore's officers who between them owned 70 percent of the corporation's shares. The court held that the plaintiff did not fairly and adequately represent the interests of similarly situated Dunmore shareholders, stating that:

> While I recognize that it is not necessary in a derivative action that the plaintiff have the support of all the minority shareholders ... here plaintiff has no support at all.
>
> It seems to me ... that a derivative action may not be maintained unless the plaintiff represents "interests of share-

holders" other than herself. If a derivative action could be maintained by a single nonrepresentative shareholder, this language would be unnecessary.

420 F.Supp. at 231 (citation omitted). Relying on this passage, defendants read *Kuzmickey* as holding that a shareholder may never bring a derivative action unless he also represents the interests of other shareholders as well as his own.

However, this court does not read *Kuzmickey* so broadly. The crucial factor in *Kuzmickey* was that there were six shareholders who were not defendants. Each of those shareholders submitted affidavits stating that the plaintiffs did not represent their interest and that the suit was not in the best interests of the corporation. Despite some confusing language in the court's opinion, the *Kuzmickey* court simply concluded that the plaintiff there did not fairly and adequately represent the interests of similarly situated shareholders. *Kuzmickey* does not hold that a shareholder who is not similarly situated with any of the corporation's other shareholders may never maintain a derivative action under Rule 23.1.

■ Accepting defendants' argument would leave both Mastro and Halsted Video without a remedy for the defendants' alleged misconduct. The complaint suggests that Mastro is a "legitimate class of one," *Nixon v. Administrator of General Services*, 433 U.S. 425, 472, 97 S.Ct. 2777, 2805, 53 L.Ed.2d 867 (1977) (analyzing a bill of attainder issue), and Rule 23.1 does not require a derivative action plaintiff to represent the interests of shareholders with whom he is not similarly situated. Moreover, there is absolutely no evidence to show that Mastro will not adequately enforce Halsted Video's rights in this litigation.[1] Under the circumstances, defendants have not met their burden of showing

that Mastro is an inadequate representative under Rule 23.1.

■ Defendants' second argument is that they are entitled to summary judgment because Mastro's complaint is not verified. Rule 23.1 requires a derivative action plaintiff to verify his complaint. The purpose of the verification requirement is to ensure (1) that the court will not be used for "strike suits" and (2) that the plaintiff has investigated the charges and found them to be of substance. *See, e.g., Porte v. Home Federal Savings & Loan Ass'n*, 409 F.Supp. 752, 754 (N.D.Ill.1976). However, the failure to verify is a technical defect curable by amendment. *Nussbacher v. Continental Illinois Bank & Trust Co.*, 61 F.R.D. 399, 401 (N.D.Ill.1973) *rev'd on other grounds*, 518 F.2d 873 (7th Cir. 1975), *cert. denied*, 424 U.S. 928, 96 S.Ct. 1142, 47 L.Ed.2d 338 (1976); *cf. Surowitz v. Hilton Hotel Corp.*, 383 U.S. 363, 371–73, 86 S.Ct. 845, 850–51, 15 L.Ed.2d 807 (1966) (reviewing the policies underlying the verification requirement and holding that summary dismissal on that basis was inappropriate). Thus, while Mastro's complaint must be verified, his mere failure to do so does not entitle the defendants to summary judgment. Mastro states that he is willing and able to verify his complaint and he should be given the opportunity to do so. *See Nussbacher*, 61 F.R.D. at 399; *Weisfeld v. Spartans Indus., Inc.*, 58 F.R.D. 570, 578 (S.D.N.Y.1972) (court ordered plaintiff to file an affidavit verifying the complaint and serve it upon the defendants within ten days); *see also Porte*, 409 F.Supp. at 754 (court granted defendants' motion to compel plaintiff to verify his complaint within 30 days).

### CONCLUSION

Defendants' motion for summary judgment is denied. Plaintiff is directed to verify his complaint within 30 days.

---

**1.** For example, defendants do not claim that Mastro has ulterior motives in maintaining this lawsuit, *see, e.g., G.A. Enterprises, Inc. v. Leisure Living Communities, Inc.*, 517 F.2d 24, 26 (1st Cir.1975) (derivative suit only "one weapon in the total … arsenal, to be either pursued, deemphasized, or settled as the future course of larger claims might"), or that he does not understand the subject matter of the lawsuit. *See, e.g., Mills v. Esmark, Inc.*, 573 F.Supp. 169, 175–77 (N.D.Ill.1983). *See generally Davis v. Comed, Inc.*, 619 F.2d 588, 593–94 (6th Cir.1980) (listing factors relevant in determining adequacy of representation).