EYE SITE, INC., Appellant,

v.

Joseph BLACKBURN, Eye Optics, Inc.
d/b/a Eye+Tech, Stephen J. Smolins
And The Gillette Company, Appellees.

No. C14–87–00675–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 31, 1988.
Rehearing Denied April 28, 1988.

Robert N. Hinton, Houston, for appellant.

Gerard Pecht, Thomas D. Cordell, Houston, for appellees.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from the dismissal of a shareholders' derivative suit for lack of compliance with Tex.R.Civ.P. 42(a). We affirm the order of dismissal.

Joseph Blackburn and Stephen Smolins (appellees) are licensed optometrists. They conceived a new concept in a retail optical store, one with an onsite laboratory where a customer could obtain a prescription, choose frames and pick up the new glasses in a single visit. Blackburn and Smolins formed a limited partnership to open such a store at the Town and Country Mall. They purchased the necessary laboratory equipment through a professional corporation, Eye Site, P.C.

Orville Cox became involved in the venture by raising funds for the Town and Country store. The professional corporation then became a Texas corporation, Eye Site, Inc. (appellant), and Cox received twenty-five percent of the stock in the new corporation. Blackburn and Smolins subsequently became dissatisfied with their relationship with Cox and decided to form another entity to raise funds for future stores. Eye Optics, Inc. was incorporated for that purpose. Subsequently, Cox sued Blackburn, Smolins, Eye Optics and others, alleging fraud, breach of agreement, breach of fiduciary duties and negligence. However, Cox filed a nonsuit to that lawsuit.

The Gillette Company became interested in this new retail concept and decided to invest in the stores to be opened in the future. Through a subsidiary, Gillette loaned Eye Optics, Inc. over thirty-six million dollars to open thirty-eight retail optical stores and purchased forty percent stock ownership in Eye Optics, Inc. Cox subsequently filed a shareholders' derivative suit on behalf of Eye Site, Inc., alleging the diversion of corporate opportunities to Eye Optics, Inc. Defendants were Joseph Blackburn, Eye Optics, Inc. d/b/a Eye+Tech, Stephen J. Smolins and The Gillette Company (all appellees herein).

By early 1987 it became obvious that Eye Optics, Inc. would be unable to generate enough revenue to service its debt. Gillette offered to purchase the outstanding shareholders' stock. Cox, on behalf of Eye Site, Inc., then filed for a temporary restraining order, a temporary injunction and a permanent injunction to enjoin the sale of the stock or the company assets.

During a hearing on the temporary injunction, the defendants submitted a trial brief challenging Cox's standing to bring a derivative suit. The trial court set a second hearing and allowed Cox to submit an opposing brief. Following additional arguments, the court denied the application for injunction and dismissed the lawsuit. Eye Site appeals the dismissal and assigns five points of error.

In point of error one, appellant argues that the trial court erred in dismissing a derivative action when the shareholder bringing suit was the only shareholder willing to enforce the corporation's rights against the two remaining shareholders. In point of error two, appellant contends the trial court erred in dismissing the cause of action based on the lack of standing of one shareholder to bring an action under

Tex.Bus.Corp.Act Ann. art. 5.14 (Vernon 1980), and on plaintiff's failure to comply with Tex.R.Civ.P. 42 governing class actions. Rule 42(a) contains a section specifically pertaining to derivative suits brought pursuant to article 5.14 and states that a derivative suit may not be maintained if it appears that the plaintiff, in enforcing the rights of the corporation, does not fairly and adequately represent the interests of other shareholders similarly situated.

■ At issue here is whether a single minority shareholder can "fairly and adequately" represent the interests of other shareholders when all the other shareholders are named as defendants to the lawsuit. This case is somewhat unique in that there are no other shareholders who are "similarly situated" as Cox. Thus, only one shareholder exists to enforce the rights of the corporation against the allegedly wrongful acts of all the remaining shareholders.

Apparently no Texas court has ruled on this particular issue. However, the source of Rule 42(a) is Rule 23.1 of the Federal Rules of Civil Procedure, and the federal courts have consistently dismissed derivative suits under similar circumstances. In *Kuzmickey v. Dunmore Corp.*, the plaintiff owned sixteen percent of the stock in Dunmore and the defendants owned seventy percent. When the defendants submitted affidavits of the six remaining shareholders stating that the plaintiff did not represent their interest, the court held that the plaintiff could not maintain a derivative action. The court wrote:

> While I recognize it is not necessary in a derivative action that the plaintiff have the support of all the minority shareholders (citation omitted), here plaintiff has no support at all.
>
> It seems to me the language of Rule 23.1 is clear that a derivative action may not be maintained unless the plaintiff represents "interests of shareholders" other than herself. If a derivative action could be maintained by a single nonrepresentive shareholder, this language would be unnecessary.
>
> Accordingly, I conclude that plaintiff does not meet the requirements of Rule

23.1 in that she does not fairly and adequately represent the interests of similarly situated shareholders.

420 F.Supp. 226, 231 (E.D.Pa.1976).

The court in *Rathborne v. Rathborne* cited *Kuzmickey* and reached a similar conclusion when the plaintiff owned twelve and one-half percent of the corporation's stock and the defendants owned eighty-seven and one-half percent. The court found that the plaintiff in effect represented only his own interest and did not represent other shareholders similarly situated. 508 F.Supp. 515, 518–19 (E.D.La.1980), *aff'd on other grounds*, 683 F.2d 914 (5th Cir.1982).

We hold that a single shareholder cannot maintain a derivative action for a corporation when the remaining shareholders are named defendants or have denied that the plaintiff represents their interests. Points of error one and two are overruled.

■ In point of error three, appellant argues that the trial court erred in finding a lack of standing without requiring a verified plea in abatement. A verified plea in abatement is the proper method of contesting a party's lack of capacity to sue. *Develo-Cepts, Inc. v. City of Galveston*, 668 S.W.2d 790, 793 (Tex.App.—Houston [14th Dist.] 1984, no writ). However, when a plaintiff's cause of action fails because of a lack of standing or lack of a justiciable interest in the controversy, rather than lack of *capacity*, the pleading rules as to capacity are irrelevant. *Cozad v. Roman*, 570 S.W.2d 558, 562 (Tex.Civ.App.—Corpus Christi 1978, no writ); 2 R. McDonald, *Texas Civil Practice in District and County Courts* § 7.12 (rev. 1982).

■ Appellant also complains that the trial court dismissed the case on its own motion. However, once appellees challenged Cox's standing, and the court determined that a suit could not be maintained under Rule 42(a), the court had the authority to dismiss the lawsuit. Lack of standing is grounds for dismissal. *Alexander v. City of Greenville*, 585 S.W.2d 333, 334 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r. e.); *see also Ford v. Bimbo Corp.*, 512 S.W.2d 793, 796 (Tex.Civ.App.—Houston

[14th Dist.] 1974, no writ). Point of error three is overruled.

 Appellant next alleges the trial court erred in denying the temporary injunction for lack of standing without first giving three days notice to appellant. Appellant argues that Tex.R.Civ.P. 21a mandates such notice. We note that Rule 21a describes *how* notice shall be given, while Rule 21 applies to those motions, pleas or other forms of request *not* presented during a hearing or trial. These rules do not govern appellees' submission of a brief during the injunction hearing. Furthermore, we find appellant received adequate notice. The brief was presented during the first hearing on August 3, 1987. The court then held a second hearing on August 10, 1987, at which time appellant filed a brief and was allowed additional argument. The court's ruling followed the second hearing.

 Finally, appellant argues that Fed. R.Civ.P. 23.1 requires that shareholders be given notice of a proposed dismissal of a derivative action. However, the notice requirement applies only to a plaintiff/shareholder's voluntary dismissal. It does not apply when dismissal is on the merits or results from a jurisdictional defect. 7C C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1839 (1986). Point of error four is overruled.

 In point of error five, appellant claims the trial court erred in failing to file conclusions of law. Harm is presumed when, after proper requests, a trial court fails to prepare findings of fact and conclusions of law. However, this presumption may be overcome if the record affirmatively shows the complaining party suffered no injury. *Joseph v. Joseph,* 731 S.W.2d 597, 598 (Tex.App.—Houston [14th Dist.] 1987, no writ). The test of injury is whether the party was prevented from making a proper presentation of the case to the appellate court. *Fraser v. Goldberg,* 552 S.W.2d 592, 593–94 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.). The issue in this case was discussed at great length during the two hearings and the trial court enunciated the reason for its ruling several times. Appellant was not in a position of trying to guess why the court ruled as it did. Therefore, appellant is not hampered in presenting its case on appeal. Point of error five is overruled.

We affirm the order of dismissal.