Pedro J. NUNEZ, Appellant,

v.

Emma NUNEZ, Appellee.

No. 04–88–00391–CV.

Court of Appeals of Texas,
San Antonio,

May 24, 1989.

Jose L. Perales, Robert G. Garza, San Antonio, for appellant.

Manuel P. Montez, San Antonio, for appellee.

Before REEVES, CHAPA, and CARR, JJ.

## OPINION

CHAPA, Justice.

This is an appeal from an award of a money judgment for past due child support based on a foreign child support order.

The parties were divorced in the State of Illinois. When Pedro Nunez moved to this state, Emma Nunez sought registration and confirmation of the Illinois judgment of Dissolution of Marriage (with its attached Settlement Agreement), entered February 4, 1981, and an Agreed Order to Modify Child Support, entered October 6, 1981. The trial court registered and confirmed both documents and based on the modified order and entered judgment against appellant Pedro Nunez in amount of $21,000.00 plus attorney fees and court costs. Appellant seeks a reversal of this judgment.

The issues before this court are whether the documents registered are fatally vague, whether the trial court had the proper foreign law before it, and whether the trial court's failure to file requested findings of fact and conclusions of law requires reversal.

█ In his first point of error, appellant alleges that the trial court erred in granting a judgment for past due child support because the judgment was based on a foreign support order that is ambiguous, indefinite; and uncertain on its face.

The Judgment of Dissolution of Marriage states that there are three (3) children of the marriage, all under 18 years of age. The attached Settlement Agreement also refers to the "three children of marriage." This agreement further provides that support will be paid for "the two minor children." However, the Agreed Order to Modify Child Support, upon which the judgment is based, merely states that child support will be paid for the "minor children" of the marriage. Appellant submits that these documents are inconsistent and contradictory.

The purpose of the Uniform Reciprocal Enforcement of Support Act (URESA), was to provide a simplified, consistent and effective mechanism for the interstate enforcement of support obligations. *O'Halloran v. O'Halloran,* 580 S.W.2d 870, 871 (Tex.Civ.App.—Texarkana 1979, no writ). *Littrell v. Littrell,* 601 S.W.2d 207, 209 (Tex.Civ.App.—Beaumont 1980, no writ). This procedure applies when an obligee has previously obtained a support decree in a sister state. *Id.* at 873.

"In reality, it is simply a proceeding for the enforcement of a foreign judgment, similar to a proceeding under the full faith and credit clause of the United States Constitution.... As in a full faith and credit inquiry, the only defenses which may be interposed are those which relate to the original decree, such as lack of jurisdiction or the existence of procedural defects which would render the judgment void." *Id.* at 873.

We do not agree with appellant that the foreign support order is fatally vague. The Divorce Decree and Settlement Agreement, dated and signed February 4, 1981, specifies that there were three children born of the marriage. The agreement further provides that "the husband shall pay to the wife for support of the *two minor children* the sum of ONE HUNDRED THIRTY DOLLARS ($130.00) each week. (emphasis added). However, the document repeatedly refers to the three "minor children" of the marriage and at one point awards "the sole care, custody, control and education of the minor children of the marriage, *namely, Pedro Nunez, Jr., age 9 and Magdalena Nunez, age 1, and Raquel Nunez, age 12."* (emphasis added)

The Agreed Order to Modify Child Support, executed after the Divorce Decree and Settlement Agreement, is the document upon which the judgment was based. It effectively modified the document that appellant claims is vague. It clearly states:

"... that Respondent's duty to pay child support for *the minor children* is abated to the sum of ($67.00) per week."

We find that the controlling document, the Agreed Order to Modify Child Support, sufficiently imposes a duty on appellant to pay child support for the three of the minor children of the marriage. The document is not fatally ambiguous.

■ Appellant further argues that this matter is made more uncertain because one of the children of the marriage is now over the age of eighteen. A Texas court has jurisdiction to register and confirm a foreign support order even though a child for which support is due has reached the age of eighteen. *Karam v. Ballou,* 673 S.W.2d 643 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.); *Ackerman v. Yanoscik,* 601 S.W.2d 72, 73 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ).

■ Appellant next contends that "the court erred in allowing the foreign support order to be confirmed, because it did not have the proper foreign law before it." The introduction of a properly authenticated foreign judgment rendered by a court of general jurisdiction establishes a prima facie case in favor of the judgment's enforcement. *Ryan v. City National Bank & Trust Co. of Oklahoma City, Oklahoma,* 186 S.W.2d 747, (Tex.Civ.App.—Eastland 1945, no writ); *Farley v. Farley,* 731 S.W.2d 733 (Tex.App.—Dallas 1987, no writ). Once the judgment was properly authenticated and admitted into evidence, appellant had the burden of proving that the judgment was not entitled to full faith and credit. *Schwartz v. FMI Properties, Corp.,* 714 S.W.2d 97 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). At the hearing on the order, appellant argued that the Illinois judgment was not final and subsisting. Full faith and credit is extended to foreign alimony decrees where, by the laws of the sister state, the arrearages have become vested and absolute. *Parker v. Parker,* 593 S.W.2d 857, 859 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). Illinois law, which was before the trial court, holds that child support arrearages constitute a vested right and are specifically enforceable under URESA (ILL.REV. STAT.1979 ch. 40 para. 1209). *Dorsey v. Dorsey,* 86 Ill.App.3d 1043, 42 Ill.Dec. 124,

408 N.E.2d 502 (1980). The court had the proper law before it and found that the appellant had failed in his burden of showing that the judgment was not entitled to full faith and credit. The point is overruled.

Finally, appellant argues that the court erred in failing to submit findings of fact and conclusions of law, as timely requested by appellant.

■ Harm is presumed when a court, after proper request, fails to file findings of fact and conclusions of law. *Eye Site, Inc. v. Blackburn,* 750 S.W.2d 274 (Tex. Civ.App.—Houston 1988, writ denied). However, this presumption can be overcome by a record affirmatively showing that the party suffered no injury. *Id.* at 277. Injury is shown where the party is prevented from making a proper presentation of the case to the appellate court. *Id.*

■ Appellant contends that he was harmed because he was "put in a position of trying to guess why the court ruled as it did."

In *Fraser v. Goldberg,* 552 S.W.2d 592 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.), the court discussed the necessity of findings of fact and conclusions of law:

> Undoubtedly, there are situations in which findings and conclusions are necessary in order for the appellant to present his case. In factually complicated situations in which there are two or more possible grounds for recovery or defense, an undue burden would be placed upon an appellant. Having to try to guess the reason or reasons the trial judge ruled against him should be required. However, in the case before us ... there was little or no dispute as to the factual situation. We are of the opinion that the record before us shows affirmatively that appellant suffered no injury by reason of the trial court's failure to make findings and conclusions.

*Id.* at 594.

Here, the only issue before the court was whether the judgment was entitled to registration and confirmation. There were no highly disputed factual issues which would create a necessity for findings of fact and conclusions of law. Appellant suffered no injury. The judgment is affirmed.