EYE SITE, INC., Petitioner,

v.

Joseph BLACKBURN, et al.,
Respondents.

No. C–7611.

Supreme Court of Texas.

Sept. 19, 1990.

Rehearing Overruled Oct. 17, 1990.

Robert N. Hinton, W. James Kronzer, and William E. Heitkamp, Houston, for petitioner.

Gerald G. Pecht, Thomas D. Cordell, Lawrence P. Wilson, and W. Patrick Bishop, Houston, for respondents.

## OPINION

COOK, Justice.

This case presents the question whether the only dissenting shareholder of a close corporation may bring a derivative suit against the remaining shareholders. The trial court ruled that Tex.R.Civ.P. 42(a) prevents the shareholder from initiating such a lawsuit and dismissed the shareholder's case. The court of appeals affirmed. 750 S.W.2d 274 (1988). Because there is nothing in the rule which prevents the maintenance of this lawsuit, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings.

### I.

Joseph Blackburn and Stephen Smolins, two Houston optometrists, conceived a plan for quick, on-site preparation of lenses for glasses prescriptions. They formed a business called Eye+Tech to implement their plan, and formed a limited partnership to open a single store at the Town and Country Mall. To purchase equipment for their enterprise, they also formed a professional corporation, Eye Site, P.C.

Blackburn and Smolins associated Orville Cox to help raise the funds for the Town and Country store. In return, Eye Site, P.C. was incorporated to Eye Site, Inc., and Cox was given twenty-five percent of the stock in Eye Site, Inc. When Blackburn and Smolins became disenchanted with Cox

because of his inability to obtain financing, they formed a new corporation, Eye Optics, Inc., to raise funds for future stores. Cox brought an action against Blackburn, Smolins, Eye Optics and others, alleging that he, Blackburn and Smolins had been in an oral general partnership to expand the Eye+Tech concept statewide and that Blackburn and Smolins had breached their fiduciary duty to him by forming Eye Optics, Inc., and depriving him of involvement in the statewide expansion. During discovery in that action, Cox filed a nonsuit.

Eye Optics, Inc., opened thirty-eight new stores in Texas, financed by more than $36 million in loans from the Gillette Company. The Gillette Company also purchased forty percent stock ownership in Eye Optics, Inc. Blackburn and Smolins dissolved Eye Site, Inc., after which Cox filed the present shareholder's derivative suit on behalf of Eye Site, Inc., alleging the diversion of business opportunities to Eye Optics, Inc.

In 1987, Eye Optics, Inc., failed to generate enough cash to service the substantial debt necessary for equipping the new stores. When the Gillette Company offered to purchase the stock of the remaining shareholders so the assets of the company could be sold, Cox filed for a temporary restraining order, temporary injunction and permanent injunction. During the course of the injunction hearing, the defendants challenged Cox's standing to bring a derivative suit. They argued that Cox lacked standing to sue under Tex.Bus. Corp.Act Ann. art. 5.14 (Vernon 1980), and failed to comply with Tex.R.Civ.P. 42(a). The trial court denied Cox's application for an injunction and dismissed the lawsuit.

## II.

At the outset, we confirm that the complaints raised by Cox belong exclusively to Eye Site, Inc. If a wrong has been done, it is the corporation which must be compensated for the wrong. Even if Cox has been harmed by the wrong, he may not recover personally. *See Wingate v. Hajdik*, 795

S.W.2d 717 (Tex.1990). Since no direct action by Cox is possible, the lawsuit is either derivative or nonexistent.

■ The Texas Rules of Civil Procedure address derivative lawsuits, stating in part:

> The derivative suit may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders similarly situated in enforcing the right of the corporation.

Tex.R.Civ.P. 42(a). Rule 42(a) is patterned after Fed.R.Civ.P. 23.1, which is designed to prevent shareholders from interfering with legitimate discretion in corporate governance and suing in place of the corporation where doing so disserves the legitimate interests of the corporation or its shareholders. *See Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 531–32 and n. 7, 104 S.Ct. 831, 835–36, and n. 7, 78 L.Ed.2d 645 (1984).

■ According to the court of appeals, federal courts have consistently dismissed derivative suits by sole dissenting shareholders. 750 S.W.2d at 276. In *Kuzmickey v. Dunmore Corp.*, for example, the court stated that under the language of Rule 23.1 "a derivative action may not be maintained unless the plaintiff represents 'interests of shareholders' other than herself." 420 F.Supp. 226, 231 (E.D.Pa.1976). The court held that no other shareholders were "similarly situated" with the plaintiff, as none of the six non-defendant minority shareholders were also dissatisfied with the actions of the officers and directors of the corporation and each submitted an affidavit contending that the plaintiff was not representing their interests. The court concluded that the plaintiff could not maintain a derivative action because she did not represent the interests of similarly situated shareholders as required by Rule 23.1. *Id.* at 230–31. The court noted, however, that its decision would not preclude the plaintiff from seeking redress in the Pennsylvania courts under Pennsylvania law. *Id.* at 231 n. 12.[1]

---

1. The court of appeals also cites *Rathborne v. Rathborne*, 508 F.Supp. 515 (E.D.La.1980), *aff'd on other grounds*, 683 F.2d 914 (5th Cir.1982).

In that case, the plaintiff shareholder owned 12½% of the corporation's stock while the defendants owned the remaining 87½%. The de-

Other federal courts have subscribed to the view that a sole dissenting shareholder of a closely held corporation may bring a derivative action even though he does not represent the interests of any shareholders other than himself. One such case is *Halsted Video, Inc. v. Guttillo,* in which a single shareholder who held twenty percent of the corporation's stock brought a derivative action against all other shareholders. 115 F.R.D. 177 (N.D.Ill.1987). The court found that under Rule 23.1 there could be "a legitimate class of one," and held that the defendants did not meet their burden of showing that the plaintiff was an inadequate representative of his class. *Id.* at 180. The court was particularly persuaded by the fact that a contrary rule would leave the plaintiff and the corporation without a remedy for the defendants' alleged misconduct. *Id.*

Recent federal decisions have expressly rejected *Kuzmickey* and have followed the holding of *Halsted Video* instead. The Ninth Circuit Court of Appeals held in *Larson v. Dumke* that the adequate representation requirement of Rule 23.1 was fulfilled where the plaintiff shareholder was the only shareholder similarly situated. 900 F.2d 1363, 1369 (9th Cir.1990). The court found that the plaintiff was not sim-

ilarly situated with the non-defendant shareholders because each had an economic interest in the current management of the corporation and would benefit from the alleged improprieties. *Id.* at 1368. The court in *Jordan v. Bowman Apple Products Co.* also allowed a derivative action where the plaintiff was not similarly situated with other shareholders. 728 F.Supp. 409, 413 (W.D.Va.1990). Specifically, the plaintiff was not similarly situated with a defendant shareholder because the defendant entered into a voting trust agreement and the plaintiff did not. Therefore, the plaintiff adequately and fairly represented those shareholders similarly situated. *Id.*[2]

The literal terms of Rule 42(a) and the need to provide a remedy in instances of corporate misconduct convince us that we cannot preclude the sole dissenting shareholder in a close corporation from enforcing the right of the corporation. We find nothing in the rule itself or in the history of its adoption in Texas[3] which persuades us that the rule was meant to abolish the sole shareholder's right to bring such a lawsuit. Rather, the rule was meant to abolish the sole shareholder's right to bring a derivative lawsuit without fairly and adequately representing "similarly situated" shareholders.[4] The rule does not place any

fendants submitted affidavits indicating that the plaintiff was not representing their views. The court found that the plaintiff could not maintain a derivative suit because he did not represent other shareholders similarly situated. 508 F.Supp. at 518–19. The Fifth Circuit affirmed, however, solely on the grounds that the plaintiff lacked standing under federal securities laws; the plaintiff did not appeal from the dismissal of his derivative claims. 683 F.2d at 916 & n. 7.

**2.** State courts, in interpreting state statutes patterned after Federal Rule 23.1, have also favored the view that a sole dissenting shareholder may bring a derivative action. *See, e.g., Brandon v. Brandon Construction Co.,* 300 Ark. 44, 776 S.W.2d 349 (1989) (holding that the plaintiff shareholder could bring a derivative action as a "class of one," although the other minority shareholders stated that plaintiff did not represent their interests); *Clemons v. Wallace,* 42 Colo.App. 17, 592 P.2d 14 (1978) (*cert. denied,* Colorado Supreme Court 1979) (holding that the rule does not preclude a derivative suit brought by the sole minority shareholder of a corporation). *But cf. S–W Co. v. John Wight, Inc.,* 179 Mont. 392, 587 P.2d 348 (1978) (hold-

ing that it was unnecessary for the plaintiff to achieve unanimous backing of nondirector shareholders, but indicating that the derivative suit would be barred if the plaintiff did not represent the interests of any shareholders other than itself).

**3.** The second paragraph of Tex.R.Civ.P. 42(a), which applies to derivative suits brought pursuant to Tex.Bus.Corp.Act Ann. art. 5.14, was added by amendment in 1984. The Committee on Administration of Justice recommended the adoption of this paragraph in part to resolve the question of whether Rule 42(a) controls derivative suits. Agenda for the Advisory Committee for The Supreme Court of Texas 197–98 (November 12–13, 1982). *See Zauber v. Murray Sav. Ass'n,* 591 S.W.2d 932, 935–36 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.), *with per curiam,* 601 S.W.2d 940 (Tex.1980) (stating that Rule 42, as amended in 1977, did not control derivative suits).

**4.** Rule 42(a) does not define "similarly situated" as referring to any specific group of shareholders, e.g., all minority shareholders. Nor does it enumerate the factors a court should consider

minimum numerical limits on the number of shareholders who must be "similarly situated." It follows that if the plaintiff is the only shareholder "similarly situated," he is in compliance with both the letter and the purpose of the rule. Furthermore, we question the wisdom of construing Rule 42(a) in any manner which prevents a shareholder in a close corporation from enforcing his rights. Under the facts of this case, such an interpretation could deprive the corporation of any remedy it might have as the result of wrongs done it by the major shareholders.

In the case before us, it is clear that there are no other shareholders "similarly situated" as Cox. As the sole minority shareholder representing the corporation against all other shareholders, Cox is in a unique position, and his interests differ from those of the remaining shareholders. He is, therefore, in compliance with our corporation laws and our derivative action rule, and he has standing to pursue the corporation's claim.

For the reasons stated, we reverse the judgment of the court of appeals and remand this cause to the trial court for further proceedings consistent with this opinion.

Concurring opinion by Justice GONZALEZ.

GONZALEZ, Justice, concurring.

I agree that a single shareholder can maintain a derivative action, but disagree with the suggestion that a shareholder must always purport to represent a class of similarly situated shareholders before he or she has standing to sue. The court of appeals upheld the dismissal of this shareholder's derivative suit based on his failure to comply with Texas Rule of Civil Procedure 42(a). Today the court perpetuates this confusion by stating that "the plaintiff adequately and fairly represented those shareholders similarly situated." 796 S.W.2d 162.

According to WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 416 (1961), a class is "a group, set, or kind sharing common attributes." The definition necessarily implies that a class consists of more than one person or thing. Therefore, a "class of one" is an oxymoron, as is "a shareholder similarly situated with him or herself." [1]

A shareholder bringing a derivative suit is not required to prove that he or she represents a class. Article 5.14 of the Texas Business Corporation Act specifies the requirements a plaintiff must comply with to bring a derivative suit. Basically, the plaintiff must prove two things—1) ownership at the time of the transaction of which he or she complains and 2) the efforts that he or she made to have the suit brought for the corporation by the board of directors or reasons for not making any such efforts (e.g. the suit is against the directors so they would not bring a suit by the corporation against themselves). TEX.BUS. CORP.ACT ANN. art. 5.14 (Vernon 1980).

There is no requirement that the plaintiff represent or have the support of a specific number of shareholders or percentage of shares. Texas Rule of Civil Procedure 42(a) pertaining to class actions, however, contains the following language:

> The derivative suit may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of shareholders similarly situated in enforcing the right of the corporation.

---

in making the determination. As interpreted by state and federal courts, however, "similarly situated" generally refers to a minority or other definable group of shareholders with interests similar to those of the plaintiff. *See generally Nolen v. Shaw–Walker Co.,* 449 F.2d 506, 508 n. 4 (6th Cir.1971); J. Moore, *Federal Practice* ¶ 23.1.16[3].

**1.** In *Halsted Video, Inc. v. Guttillo,* the court held that a single plaintiff shareholder did not have to represent the interests of shareholders with whom he is not similarly situated and that the plaintiff was a "legitimate class of one." 115 F.R.D. 177, 180 (N.D.Ill.1987); *see also Jordan v. Bowman Apple Prods. Co.,* 728 F.Supp. 409, 413 (W.D.Va.1990) (single plaintiff constitutes class of one and adequately and fairly represents those shareholders similarly situated); *accord Brandon v. Brandon Constr. Co.,* 776 S.W.2d 349, 354 (Ark.1989) (class of one may maintain derivative action).

Tex.R.Civ.P. 42(a). This language was not intended to require that a class be represented. Instead, this language is only operative when there are shareholders similarly situated to the plaintiff who would constitute a class. Only then is the plaintiff required to prove his or her ability to adequately represent the interests of the class. Therefore, any reference to a class with regard to a single plaintiff shareholder who is not similarly situated with other shareholders is extraneous and confusing. Since neither party contends that there are any shareholders similarly situated with the plaintiff, this plaintiff need not prove that he adequately represents a class or that he is similarly situated with himself.

For these reasons, I concur in the judgment.