See also D.C., 79 F.R.D. 641.

**Gearld CLARK, Tom Burden, Ronald Brandow, Robert Burnside and Wayne Burnside**

v.

**LOMAS & NETTLETON FINANCIAL CORPORATION, the Lomas & Nettleton Company, Lomas & Nettleton West, Inc., NCS Computing Corp., now known as Booth, Inc., Jess T. Hay, L & N Computer Services, Inc., John Sexton, Albert Rohnstedt, Dewitt T. Ray, Guy W. Rucker, Robert E. Glaze and James B. Gardner, et al.**

No. CA3-7465-F.

United States District Court,
N. D. Texas,
Dallas Division.

Aug. 7, 1978.

Jay S. Fichtner, Douglas E. Yeager, Berman, Fichtner & Mitchell, Dallas, Tex., David Berger, Stanley R. Wolfe, Warren D. Mulloy, Berger & Montague, P. C., Philadelphia, Pa., for plaintiffs.

Stanley E. Neely, Stephen Philbin, Elizabeth Lang, Locke, Purnell, Boren, Laney & Neely, Dallas, Tex., Beale Dean, Brown, Herman, Scott, Dean & Miles, Fort Worth, Tex., for LNFC, L&N, LNW, Hay, Rohnstedt, Ray, Sexton, and Gardner defendants.

Tim Kirk, Saner, Jack, Sallinger & Nichols, Dallas, Tex., for Booth, Inc.

John L. Lancaster, III, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex., for defendants Dan Busbee and Richard Rogers.

Joseph W. Geary, Gerald P. Urbach, Geary, Stahl, Koons, Rohde & Spencer, Dallas, Tex., for defendant Ernst and Ernst.

Robert F. Middleton, David White, Stalcup, Johnson, Meyers & Miller, Dallas, Tex., for defendants Trammell Crow and Robert Glaze.

J. Carlisle DeHay, Jr., Gardere, Porter & DeHay, Dallas, Tex., for defendants Steinberg, Generes, Lueressen & Vogelson.

Stan McMurray, Rain, Harrell, Emery, Young & Doke, Dallas, Tex., for defendants Guy W. Rucker, Jack J. Booth, Martin T. Whitmer, and Fladger F. Tannery.

## ORDER

ROBERT W. PORTER, District Judge.

This lawsuit, filed on July 27, 1973, was brought derivatively on behalf of NCS Computing Corporation (as it existed prior to the merger of NCS and Booth, Inc. on May 10, 1973) by the Plaintiffs Gearld Clark, Ronald Brandow, Robert Burnside, Wayne Burnside and Tom Burden to recover damages for claims against Lomas and Nettleton Financial Corporation and others which arose between 1969 and May 10, 1973. The Plaintiffs also assert individual claims for relief. The Court has ruled that as a matter of law this action is being brought derivatively on behalf of Booth, Inc. [See order of April 29, 1977, filed May 2, 1977, and my order entered today regarding settlement of the derivative claims in this case, Clark v. Lomas & Nettleton Financial Corp., 79 F.R.D. 641 (N.D.Tex. 1978)].

On January 11, 1978 Plaintiffs moved to disqualify the Saner, Jack, Sallinger and Nichols law firm as counsel for Booth, Inc. Plaintiffs alleged that this law firm represented both Booth, Inc. and Defendant Directors Jack J. Booth, Martin Whitmer and Fladger Tannery until almost the eve of trial, and that this representation constituted a conflict of interest which should result in the disqualification of the Saner law firm and invalidate the settlement negotiated by that firm on behalf of Booth, Inc. At that time I ruled that I would not disqualify the Saner firm, and reserved final decision until now. Plaintiffs have now had an opportunity to conduct discovery regarding this alleged conflict of interest, and, at a hearing held June 5, 1978, Plaintiffs were afforded the opportunity to present witnesses to the court concerning this matter.

In a derivative action, a plaintiff shareholder is a nominal plaintiff and the corporation on behalf of which the action is brought is merely a nominal defendant. As the Court stated in *Miller v. American Telephone and Telegraph Co.*, 394 F.Supp. 58, 65 (E.D.Pa.1975), *aff'd without opinion*, 530 F.2d 964 (3rd Cir. 1976), "(a)lthough . . any corporation involved in a stockholders' derivative action . . . is properly made a nominal defendant, it must realistically be considered to be the complainant in the action." In fact, the corporation is the real plaintiff and any finding of liability would redound to its benefit, not to its detriment. And, obviously, in this action any finding of liability on the part of the "inside" directors, controlling stockholder and the con-

trolled corporations would result in a recovery for Booth, Inc. The interests of Booth, Inc. and the other Director defendants are clearly adverse, and the representation by one law firm of Booth, Inc. and the Directors, except under very limited circumstances, would be improper under the Canons of Ethics.

Canon 5 of the Code of Professional Responsibility and the applicable disciplinary Rule DR5–105 prohibit the representation of multiple clients with adverse interests. Code of Professional Responsibility Canon 5, DR5–105. The principles set forth in the canons and the rules apply to the possible disqualification of Booth, Inc.'s present counsel, and are completely discussed in *Cannon v. U. S. Acoustics Corp.*, 398 F.Supp. 209 (N.D.Ill.1975). The Seventh Circuit Court of Appeals affirmed that holding, in relevant part, "(f)or reasons expressed in the district court's able and scholarly opinion (citation omitted), which we adopt as our own . . ." 532 F.2d 1118, 1119 (7th Cir. 1976) (per curiam).

In *Cannon*, the court disqualified counsel from representing the corporation in a derivative action brought on its behalf, and at the same time representing individual officers and directors who were accused of various wrongdoings, allegedly for their own benefit and to the detriment of the corporation.

The court pointed out the conflict present when a lawyer seeks to represent both the corporation and the individual officers and directors accused of wrongdoing:

> "When a single lawyer or law firm undertakes to represent both the individual and corporate defendants in a derivative action, at least two potential ethical problems arise. First, there exists, as previously discussed, a potential conflict of interest between the individual and corporate defendants, and second, there is the threat that confidences and secrets obtained from each client may be jeopardized because of the dual nature of the representation." 398 F.Supp. at 215.

The court also noted that in Opinion 842 the Association of the Bar of New York Committee on Professional Ethics stated that whether or not the corporation takes an active role in the litigation, "a conflict of interest is inherent in any (derivative) action wherever relief is sought on behalf of the corporation against the individual director-officer defendants, and in such cases Canon 6 (presently Canon 5, EC 5–14 n.6 and 18) precludes one firm from representing both the corporation and the individual director-officer defendants except in unusual circumstances stemming from particular facts in a given case." (quoted *Id.*)

The *Cannon* decision was recently followed in the case of *Messing v. FDI, Inc.*, 439 F.Supp. 776, 782 (D.N.J.1977). See also *Niedermeyer v. Niedermeyer*, CCH Fed.Sec. L.Rep. (1973 Tranf. Binder) ¶ 94,123 at 94,-502 (D.Ore.1973); *Lewis v. Shaffer Stores Co.*, 218 F.Supp. 238, 240 (S.D.N.Y.1963).

The facts in *Clark* do not present a conflict of interest that requires disqualification. Tim Kirk, a member of the firm Saner, Jack, Sallinger and Nichols, initially appeared on behalf of Booth, Inc. by filing an answer on Booth, Inc.'s behalf on January 14, 1974. He filed pleadings only on behalf of Booth, Inc. until January 21, 1977 when he filed "Defendant Booth, Inc., Tannery, J. Booth and Whitmer's Motion to Dismiss Counts 10 and 11 from Plaintiffs' Third Amended Original Complaint Pursuant to Rules 12(b)(6), 17(b) and 23.1 F.R.C. P." On July 1, 1977, after only filing memoranda supporting the motions to dismiss on behalf of the individual directors, Tim Kirk was replaced as counsel for the individual directors and Stan McMurray of Rain, Harrell, Emery and Doke filed a "Motion to Dismiss, Motion for Judgment on the Pleadings, and Motion for Summary Judgment" on behalf of defendants Jack Booth, Fladger Tannery, Martin Whitmer and Guy Rucker. Thereafter all representation of these defendants, as can be seen from a review of the record, was in fact conducted by the Rain, Harrell firm although Tim Kirk and the Saner firm did not formally withdraw as counsel for the individual defendants Jack Booth, Fladger Tannery and Martin Whitmer until December 22, 1977.

Booth, Inc. has always been represented by Tim Kirk in this litigation and he only represented Booth, Inc. in the settlement negotiations.

 I find that there is no conflict of interest requiring disqualification in the narrow instance when one law firm represents a derivatively sued corporation and its individually sued directors and the law firm initially files a motion to dismiss on behalf of its clients, does not otherwise participate in the lawsuit, and withdraws from representation of either the corporation or the individual directors when either the motions to dismiss are overruled or when it becomes necessary to actively participate in the defense of the corporation and the individual directors. At this stage of the proceedings, when the court must make a determination on whether as a matter of law the defendants should be in the lawsuit, unless it can be shown that an actual conflict exists or that certain confidences are being jeopardized, I think the client's right to select the counsel of his choice outweighs any potential conflict of interest. Once that determination is made, or once it becomes necessary for active participation in the defense of the directors, then new counsel must be sought, because the potential for conflict has increased to the point where it outweighs the rights of the individual directors to select counsel. Of course, in that situation, the court, at the request of the individual defendants, may want to consider whether they can waive the conflict, but that is not an issue in this case because no one made that request of the court.

I find, under the circumstances present in this case, that the Saner firm did represent the individual directors only until the motions to dismiss were overruled or the defense of the directors required additional participation on behalf of the law firm in its representation of those directors. While it is true that technically Tim Kirk did not withdraw from representation of the individual directors until December 22, 1977, my concern is with the *actual* representation that occurred in this case and I find Tim Kirk did not actually represent the individual defendants for any period of time that would require disqualification.

I also note that Tim Kirk's alleged dual conflicting representation did not concern the Plaintiffs until after the settlement, to which they objected, was negotiated between Booth, Inc. and the Defendants. Only then, on January 11, 1978, did the Plaintiffs bring the matter to the attention of the court. I have found no conflict of interest warranting disqualification, but had I believed then or on January 11, 1978 that a conflict existed, I would hesitate to disqualify the Saner firm on Plaintiffs' untimely motion. From the record I can only conclude that the only reason Plaintiffs objected to the participation of the Saner firm in the lawsuit on January 11, 1978, when they could have objected to that representation for nearly a year, was to prevent the Court from approving what I have concluded is a fair, reasonable and adequate settlement. My responsibility in overseeing this derivative settlement, which I firmly believe to be in the best interests of all parties but particularly Booth, Inc., would not be properly exercised if I rejected this settlement on those grounds alone, without a showing, which has not been made in this record though Plaintiffs' have ample opportunity to develop such a record, of how the conflict of interest (if there is one) resulted in a settlement that was unfair, unreasonable or inadequate for Booth, Inc.

Finally, if I believed that a conflict of interest had been shown and that the Saner firm should be disqualified for that reason without any showing that the conflict resulted in an unfair, unreasonable or inadequate settlement, I would still feel that I had a responsibility to approve the settlement which is fair reasonable and adequate and in the best interests of Booth, Inc.

Plaintiffs' motion to disqualify the firm of Saner, Jack, Sallinger and Nichols from representing Booth, Inc. is hereby denied in all respects.

It is so ORDERED.