**MOTOROLA, INC., Plaintiff,**

v.

**Howard B. CHAPMAN and Robert B. Cole, Defendants,**

v.

**Hal BROCK and Mason McCloud, Third–Party Defendants.**

**Civ. A. No. H–89–2706.**

United States District Court,
S.D. Texas,
Houston Division.

April 12, 1991.

Charles L. Babcock, Dallas, Tex., for plaintiff.

J. Douglas Sutter, Houston, Tex., for defendants.

## OPINION ON SUMMARY JUDGMENT

HUGHES, District Judge.

Chapman and Cole's motion to remand will be denied because they have no cause of action against the two non-diverse parties they attempted to join in the lawsuit. Chapman and Cole's fraud claim will be dismissed because they lack standing to bring the action. Motorola's motion for summary judgment on the guaranties will be granted because Chapman and Cole failed to pay as required under them and there are no issues of material fact about their liability on the agreements.

### 1. *Background.*

Motorola provided cellular portable telephones to Access under a term purchase sales contract. By the spring of 1986, Access owed one million dollars to Motorola. Chapman and Cole invested in Access stock to help pay part of the Motorola debt. As an inducement to make the investment, Motorola provided Access an exclusive right to rent portable telephones, in consideration that Access purchase "competitive" air time from a Motorola subsidiary.

In November 1986, the debt to Motorola was approximately three million dollars. Rick Paggeot, on behalf of Motorola, offered to be a partner in Access. In reliance, Chapman and Cole ceased trying to raise capital through seeking venture capitalists or taking Access stock public. Chapman accepted Motorola's offer, and the parties entered into several written agreements. Chapman, Cole, and Access president Atkins executed two promissory notes on behalf of Access and three personal guaranties. Access defaulted on the promissory notes, and Chapman and Cole have failed to pay the amount due under the guaranties.

At about the same time that Motorola sued Chapman and Cole to collect on the guaranties of payment, Chapman and Cole

sued Motorola for fraud in state court. Motorola removed the case to this court, where it was consolidated into this action.

## 2. *Remand.*

■ Chapman and Cole assert that this court's diversity jurisdiction has been defeated by their joining Brock and McCloud, two Texas residents. Motorola claims that Brock and McCloud, employees of Motorola, were joined improperly to defeat diversity and that Chapman and Cole do not have a cause of action against the two Motorola employees.

### A. *No basis for fraud claim against Brock and McCloud.*

In Chapman and Cole's first amended complaint, no cause of action is stated against Brock and McCloud. Chapman and Cole state that they paid a one time warranty fee but that Brock and McCloud charged an additional $75 per unit for servicing. The only other mention of Brock and McCloud is that they, along with other Motorola employees, withheld from Chapman and Cole, Motorola's true, illegal and improper intentions with respect to its dealings with Access. At no time do Chapman and Cole particularize their pleas of fraud against Brock and McCloud. Chapman and Cole were ordered on November 30, 1989, to replead their fraud claims and provide specific information for each person accused of making a misrepresentation. In their first amended complaint, Chapman and Cole failed to show that Brock and McCloud made misrepresentations.

### B. *Standing.*

Chapman and Cole do not have standing as stockholders to bring an action for Access' injuries. The only injuries plead against Brock and McCloud were to Access and not to Chapman and Cole individually. Chapman and Cole have not established that Brock and McCloud owed them an individual duty separate from the duty Brock and McCloud may have owed Access.

### C. *Conclusion.*

To require a remand, Brock and McCloud would have had to have been proper parties to the action. Because they are not, this court has jurisdiction over the claims. Motorola, as a Delaware corporation with its principal place of business in Illinois, and Chapman and Cole, as Texas residents, are diverse. The motion to remand will be denied.

## 3. *Fraud Claim.*

■ Chapman and Cole lack standing as stockholders to bring the fraud claim.

### A. *Cause of action must be brought by the corporation.*

■ In Texas a stockholder does not have a cause of action for injury to the corporation. A stockholder cannot bring an action for impairment of a business against the one who has injured the corporation, even if the acts have demonstrably depreciated the value of his shares. *Hajdik v. Wingate,* 753 S.W.2d 199, 201 (Tex. App.—Houston [1st Dist.] 1988) aff'd 795 S.W.2d 717 (Tex.1990). This rule would not apply when the wrongs give the stockholder a personal right of action. If the stockholder is a party to a contract or other liability, he has a cause of action against the wrongdoer. *Stinnett v. Paramount–Famous Lasky Corp.,* 37 S.W.2d 145, 149 (Tex. Comm'n App.1931, holding approved). The only relationship between Motorola and Chapman and Cole individually arises from the guaranties.

Chapman and Cole also allege that Motorola conspired to destroy them personally by destroying their business. A stockholder is entitled to show that the defendant's acts against the corporation were a conspiracy to destroy him personally by driving him out of business. *Cathey v. First City Bank of Aransas Pass,* 758 S.W.2d 818, 821 (Tex.App.—Corpus Christi 1988, writ denied). In *Cathey,* it was clear that the defendants had a personal animosity toward the plaintiff and were trying to destroy him. Motorola invested money and became a partner in Access. There is no showing that Motorola intended to destroy

Access. This is a failed business deal, not a case of fraud or misrepresentation.

### B. *Right of stockholder to bring derivative action.*

 Texas law recognizes the right of a stockholder to bring a derivative suit to enforce a cause of action that belongs to the corporation; however, the corporation is a necessary party, and the relief sought is a judgment against a third person in favor of the corporation. The action can be asserted on the corporation's behalf by the stockholder only if the corporation fails to act upon its primary right to bring suit. To bring a derivative action in Texas, the pleadings must allege either that efforts were made to have suit brought by the corporation or by the board of directors or the reasons for not making such efforts. Tex.Bus.Corp. Act Ann. art. 5.14 (1980). In his examination in a bankruptcy proceeding, Barry Atkins, president of Access, stated that Access did not have any counterclaims or causes of action against Motorola. Chapman and Cole are not making a claim on behalf of Access.

### C. *Fiduciary duty.*

 Chapman and Cole allege Motorola owed them a fiduciary duty as a lender and stockholder of Access. Although a stockholder in a control position could owe a duty of good faith to his fellow stockholder, a fiduciary duty among all stockholders of a corporation does not exist at law. Chapman, Cole, and Motorola entered into an arms-length business deal, and there is no reason to find that Motorola, as a minority stockholder of Access, owed a fiduciary duty to Chapman and Cole, who were principal stockholders.

### D. *Chapman and Cole have no claim for usury.*

 Chapman and Cole claim that the money Motorola sought to extract from them was usurious. State laws regulate the charging of interest rates. The excess money sought by Motorola is not due to high interest rates but rather to Motorola's claim that it is entitled to twenty percent of the indebtedness of Access from each guarantor. In Texas, usury is a defense personal to the borrower, and it is wholly unavailable to guarantors of a corporate loan. Tex.Civ.Stat.Ann. art. 1302–2.09 (1990).

### E. *Conclusion.*

Chapman and Cole cannot bring an action against Motorola for the depreciation in the value of their Access stock. Because Chapman and Cole are not making a claim on behalf of Access, they are limited to claims based on wrongs against them personally. The guaranties are the only basis for Chapman and Cole's claims against Motorola. All of their claims against Motorola, except those involving the guaranties, will be denied.

### 4. *Summary judgment for Motorola on notes.*

Motorola has moved for summary judgment on the notes, because Access defaulted and Chapman and Cole have failed to make payments under the guaranties. Motorola claims it is entitled to recover from both Chapman and Cole twenty percent of Access' outstanding indebtedness. There are no genuine issues of material fact, and these facts are undisputed: Access defaulted on the two promissory notes, and Chapman and Cole have each failed to pay their proportional shares of the debt. Chapman and Cole only claim summary judgment is improper because Motorola brought the motion in bad faith and facts remain uncertain whether fraud was committed by Motorola.

### A. *Bad faith.*

Chapman and Cole claim that it was always "contemplated, intended and agreed" that they would only personally guaranty a total of twenty percent of the account. It had been discussed that Chapman, Cole, and Atkins would all sign the one guaranty. When Chapman and Cole arrived to sign the agreements on July 1, 1987, the chief financial officer of Motorola said there was a mistake in the preparation of the guaranties and that the three guaran-

tors' names did not appear on one document. He then asked Chapman, Cole, and Atkins each to sign three separate documents. Chapman and Cole claim that prior to November 1989, Motorola reiterated on several occasions that the personal guarantors' liability was limited to a total of twenty percent.

In November 1989, Motorola hired outside counsel, and Chapman and Cole allege that at this time, Motorola was persuaded to plead that it was entitled to recover twenty percent of the indebtedness from each guarantor. Chapman and Cole claim that Motorola's counsel did not conduct a proper factual investigation required by Fed.R.Civ.P. 11 before moving for summary judgment. However, Chapman and Cole have offered no evidence that Motorola moved in bad faith. Motorola objects to the allegations contained in Chapman and Cole's affidavits because they are not based on personal knowledge, as required by Fed.R.Civ.P. 56(e). Rule 56 requires affidavits be made on personal knowledge and that portions that do not comply with the requirements are entitled to no weight. *Williamson v. United States Department of Agriculture*, 815 F.2d 368, 383 (5th Cir. 1987). Motorola claims that Chapman and Cole's affidavits contain general assertions about Motorola's knowledge and intent. Chapman and Cole's affidavits include statements like:

> During all relevant times, it was always the intent of myself, Robert B. Cole, Barry Atkins and Motorola ... that myself, Cole and Atkins would only be personally guaranteeing twenty percent of the account payable promissory note between Access and Motorola.

In complying with Rule 56(e), the portions of the affidavits in which Chapman and Cole state Motorola's intent will be given no weight because they are not based on personal knowledge. Chapman and Cole do not have personal knowledge of Motorola's intent concerning the guaranties.

B. *Fraud.*

Chapman and Cole claim that summary judgment must also be denied because disputed facts exist that give rise to a finding that the guaranties are unenforceable because their execution was induced by fraud. In Texas, to establish fraud a party must show that:

(1) a material representation of a present fact was made;

(2) it was false;

(3) when the speaker made it he knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion;

(4) he made it with the intention that it should be acted upon by the party;

(5) the party relied on it; and

(6) that reliance resulted in an injury to the party.

*Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 185 (Tex.1977, no writ).

Chapman and Cole allege that Motorola stated it was dedicated to the new industry, but that it really intended to force Access out of business. Chapman and Cole say they relied on Motorola's statement of dedication when signing three separate agreements instead of one. Chapman and Cole say they were injured by Motorola's now trying to collect twenty percent from each guarantor. The burden is on Chapman and Cole to prove that at the time the guaranties were signed, Motorola had fraudulent intentions to trick them into signing three separate guaranties and to hold each guarantor liable for twenty percent of the debt. Chapman and Cole also allege other counts of fraud occurring after the agreements were signed; however, these allegations are irrelevant because such conduct could not have induced the signing of the guaranties.

(1) *Parol evidence is not admissible.*

Chapman and Cole allege that parol evidence must be allowed because they were fraudulently induced into signing three separate guaranties; however, to prove fraud in the inducement sufficient to allow an exception to the parol evidence rule, Chapman and Cole must show some type of trickery, artifice, or device employed by Motorola, in addition to showing that Motorola misexplained to Chapman and Cole that they would be liable for a

total of twenty percent of the indebtedness. *Simpson v. MBank Dallas, N.A.,* 724 S.W.2d 102, 108 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). When a written document is express and unambiguous, parol evidence is not admissible to show the intent of the parties. The language of the guaranty agreement is clear:

Guarantor unconditionally ... promises to pay Motorola ... without deduction for any claim of offset or counterclaim or loss of *contribution from any coguarantor,* twenty percent of the amount of any and all obligations and indebtedness of [Access] to Motorola, together with all expenses of collection, legal fees and court costs incurred by Motorola.

## (2) *There was no mutual mistake or misrepresentation.*

 Chapman and Cole claim that the signing of the guaranties was based on a mutual mistake and that reformation is the appropriate remedy. A party seeking reformation based on mutual mistake must show that the provision complained of was included or omitted due to mutual mistake of the parties, and it must show the true agreement of the parties to the instrument. *RGS, Cardox Recovery, Inc. v. Dorchester Enhanced Recovery Co.,* 700 S.W.2d 635, 639 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). Chapman and Cole have offered no proof that the legal effect of the three separate agreements was different than the legal effect of a single document or that there was a mistake in that both parties intended to limit payment to a total of twenty percent.

That Chapman and Cole failed to read the guaranties before their execution was not due to mistake or misrepresentation on the part of Motorola. In *Bifano v. Econo Builders, Inc.,* the court found that there was no fraudulent misrepresentation inducing the execution of a 1960 lease when appellee noticed the difference in the description in a 1950 lease and the 1960 lease and asked appellant to explain the difference in the leases and appellant told him there were no differences. There was nothing to prevent appellee from reading the lease or having it read to him or examined by his attorney; and under those circumstances he must be charged with its stipulations and terms and is not justified in relying on what the other party to the contract said about it. 401 S.W.2d 670, 675 (Tex.Civ.App.—Dallas 1966, writ ref'd n.r.e.). The Texas Supreme Court has also held that representation to the legal effect of a document are regarded as statements of opinions rather than of fact and will not ordinarily support an action for fraud. *Fina Supply, Inc. v. Abilene Nat'l Bank,* 726 S.W.2d 537, 540 (Tex.1987). The exceptions to the rule include when one party has superior knowledge and takes advantage of the other's ignorance or when there is a confidential relationship between the parties. In this case, when the agreements were signed, Chapman, Cole and Motorola were dealing at arm's length. There was no fiduciary duty or confidential relationship between the parties.

## (3) *There was no effective modification of the guaranties.*

 Chapman and Cole also argue that from December, 1987, until June, 1989, Access attempted to negotiate a refinancing of the Motorola debt. The restructuring agreements, which were not signed by Motorola, stated that the personal guarantor's liability was limited to twenty percent total. The guaranties expressly provided that "no modification, amendment or waiver of any provision of the guaranty agreement shall be effective unless signed by Motorola." While it is true that the provision of the guaranties could be orally modified, there was no indication that the provisions had been changed. Because the guaranty required Motorola to sign all modifications and the restructuring agreements were not signed by Motorola, they are ineffective. Motorola argues that if the original agreement was that each guarantor is liable for twenty percent, there would be no reason to have a written amendment modifying the original agreement. The unsigned restructuring agreements make clear that the existing July 1, 1987, guaranties obligate each guarantor to pay twenty percent of the debt.

464

### C. *Conclusion.*

Motorola has shown that there are no disputed facts, and it is up to Chapman and Cole to present evidence demonstrating specific, contested facts that are material to the issue. Chapman and Cole have been unable to show that Motorola entered into the agreements with bad faith or with fraudulent purposes. Chapman and Cole entered into a business deal without first determining their potential liabilities, and they cannot avoid liability through deliberate ignorance. Motorola's motion for summary judgment will be granted.