**John DeBORD, et al., Appellants,**

v.

**CIRCLE Y OF YOAKUM, INC., et al., Appellees.**

No. 13–96–567–CV.

Court of Appeals of Texas, Corpus Christi.

June 26, 1997.

Rehearing Overruled Aug. 7, 1997.

---

Before SEERDEN, C.J., and YANEZ and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

The DeBords, appellants, brought an individual action against the majority shareholders and the officers and directors (appellees) of a closely held corporation to recover for oppressive conduct and breach of fiduciary duties. The DeBords also brought a derivative action on behalf of appellee corporation against the same officers and directors again alleging breach of fiduciary duties. In response, the officers and directors filed a motion to strike the DeBords' derivative claims, arguing that the DeBords, by asserting claims in both an individual and a derivative capacity, were unable to fairly and adequately represent the interests of similarly situated shareholders. Based upon the pleadings and the arguments of counsel, the trial court granted appellee directors' motion, and struck the DeBords' derivative claims. The DeBords bring this interlocutory appeal. Finding the trial court abused its discretion in striking the DeBords' derivative claims, we reverse and remand for trial.

### Factual Background

This lawsuit originated as a result of a proposed merger wherein Cow Country Industries, Inc. (Cow Country) was to merge into Circle Y of Yoakum, Inc. (Circle Y). The DeBords, who own or control approximately five percent of Circle Y stock and twenty percent of Cow Country stock, objected to the merger. Nevertheless, the merger was approved by the holders of more than two-thirds of the issued and outstanding shares of Circle Y and Cow Country.

In accordance with the statutory provisions covering dissenters' rights, the DeBords made written demand for the payment of the fair value of their shares and tendered their shares. See Tex. Bus. Corp. Act arts. 5.11–13 (Vernon 1980 & Supp.1997). The DeBords sought $100 per share for their shares of stock in Circle Y and Cow Country. However, Circle Y and Cow Country were only willing to pay $30 and $25 per share for the DeBords' shares of stock in Circle Y and Cow Country, respectively. As a result, the DeBords filed their Original Petition for Determination of Value of Shares on February 19, 1993, seeking, in their individual capacity, a determination of the value of their shares and an order for payment. The original petition named only Circle Y as a defendant.

In response, Circle Y filed a general denial and, for disputed reasons, disclaimed the effectiveness of the merger.[1] This disclaimer, in effect, mooted the DeBords' request for the fair value of their shares.

Thereafter, on June 5, 1996, after numerous trial settings and a failed mediation, the DeBords filed their First Amended Original Petition. In the amended petition, the DeBords, pursuant to Rule 42 of the Texas Rules of Civil Procedure and article 5.14 of the Texas Business Corporation Act, asserted derivative claims in the right of Cow Country and Circle Y against the officers and directors of Cow Country and Circle Y. As in their original petition, the DeBords continued to bring claims in their individual capacity seeking an equitable buy-out of their shares in both corporations.

The DeBords' amended pleadings alleged (1) that they are shareholders of Circle Y and Cow Country; (2) that the named directors of Circle Y and Cow Country breached fiduciary duties to the corporations and its shareholders; and (3) that such breaches included: incurring costs and expenses in the phantom merger, failing to supervise employees and institute controls to prevent a defalcation and embezzlement of corporate assets, usurping corporate opportunities for personal gain, paying of excessive salaries to its officers and directors, and committing other acts that were meant to benefit a select group of shareholders or directors at the expense of

---

1. The DeBords claim that Circle Y disclaimed the merger to avoid scrutiny of corporate books and a determination of the market value of the De- Bords' stock. Circle Y claims that the merger was disclaimed after a mathematical error was brought to their attention.

the corporations and other shareholders. The DeBords also alleged that they, as minority shareholders, have been oppressed by appellees, and are thus entitled to equitable relief.

On August 8, 1996, in response to the DeBords' amended petition, the officers and directors of appellee corporations filed a motion to strike the DeBords' derivative claims. The appellee directors maintained that the DeBords' personal claims against Circle Y and Cow Country presented the DeBords with a conflict which made them unable to fairly and adequately represent the interest of other shareholders. The DeBords never filed a response to the motion. However, they argued against the motion at an oral hearing on October 29, 1996. Based upon the pleadings and the arguments of counsel, the trial court granted appellee directors' motion, and struck the DeBords' derivative claims in their entirety. The DeBords bring this interlocutory appeal.

### JURISDICTION

Appellees filed, contemporaneously with their brief, a Motion to Dismiss Appeal. Appellees argue in their motion, which was carried with this appeal, that the Order Granting Defendant Directors' Motion to Strike Derivative Claims is a non-appealable interlocutory order. In support of this motion, appellees argue that the order did not affect the DeBords' individual claims. Therefore, appellees correctly argue, the order is interlocutory and cannot be appealed unless authorized by statute.

■ It is well-settled that appeals may be had only from final orders or judgments. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992). Interlocutory orders, however, may be appealed if permitted by statute. *Id.; Memorial Medical Ctr. v. Garcia*, 712 S.W.2d 619, 620 (Tex.App.—Corpus Christi 1986, no writ). The DeBords, conceding the interlocutory nature of their appeal, argue that this Court has jurisdiction to hear this appeal pursuant to section 51.014(3) of the Texas Civil Practice and Remedies Code. Section 51.014 of the Texas Civil Practice and Remedies Code provides that "[a] person may appeal from an interlocutory order of a

district court ... that ... (3) certifies or refuses to certify a class in a suit brought under Rule 42 of the Texas Rules of Civil Procedure." Tex. Civ. Prac. & Rem.Code Ann. § 51.014(3) (Vernon Supp.1997).

For this Court to have jurisdiction as argued by appellants, we must find that (1) a derivative suit is a form of class action, and (2) the Order Granting Defendant Directors' Motion to Strike Derivative Claims was an order refusing to certify a class. We address each in turn.

### 1. Relationship of Derivative Suit to Class Action

■ The DeBords argue that shareholder derivative actions, being governed by Rule 42, are a "species" of class action suit. We agree.

Under specifically prescribed circumstances, derivative suits may be brought by shareholders of a corporation to enforce a corporate right on behalf of the other shareholders. *See* Tex.R. Civ. P. 42; Tex. Bus. Corp. Act art. 5.14 (Vernon 1980). At one time, derivative suits were held to be governed exclusively by Article 5.14 of the Business Corporation Act. *See Zauber v. Murray Sav. Ass'n*, 591 S.W.2d 932, 935–36 (Tex.Civ. App.—Dallas 1979, writ ref'd n.r.e.), *with per curiam*, 601 S.W.2d 940 (Tex.1980). Effective April 1, 1984, however, derivative suits are included under Rule 42 of the Texas Rules of Civil Procedure, which governs class actions. *See* Tex.R. Civ. P. 42(a). Therefore, plaintiffs bringing a derivative suit must now comply with both Rule 42 and Article 5.14.

The inclusion of derivative suits under Rule 42, entitled "Class Actions," was a recognition, by the Texas Supreme Court in its 1984 Amendment, that derivative suits are a form of class action suit. Such a recognition is not without support. A derivative suit shares many of the same attributes as a class action. For example, the derivative plaintiff acts as a representative of all corporate shareholders, and all shareholders benefit if the corporation's cause of action is ultimately vindicated. *Ford v. Bimbo Corp.*, 512 S.W.2d 793, 795 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ). Additionally, Rule 42(a) re-

quires that the plaintiff/stockholder fairly and adequately represent the interests of the shareholders similarly situated in enforcing the right of the corporation. This requirement is similar to the general requirement that the plaintiff in a class action fairly and adequately represent the interests of the class. *See* TEX.R. CIV. P. 42(a)(4). The common issues and typicality tests of Rule 42(a)(2) and (3) are inherently satisfied in a suit based on a derivative action because, by definition, the derivative rights of a corporation will result in indirect benefit to all shareholders, and the corporation's cause of action affects all shareholders indirectly. *See* 4 HERBERT NEWBERG, ET. AL., NEWBERG ON CLASS ACTIONS § 22.87 (3d. ed.1992). Furthermore, Rule 42(a) requires approval of the court and notice to shareholders in the event that the derivative suit is compromised or dismissed. This requirement mirrors the requirements for compromise and dismissal contained in Rule 42(e).

Because of the apparent similarities between a derivative suit and a "plain" class action, and in light of the inclusion of derivative suits under the provision controlling "class actions," we hold that a derivative suit is a form or "species" of a class action suit. *See Ross v. Bernhard,* 396 U.S. 531, 542, 90 S.Ct. 733, 739–40, 24 L.Ed.2d 729 (1970)(a derivative suit, at least to the extent it allows parties to be heard in equity who could not speak at law, is one kind of "true" class action); *Bimbo Corp.,* 512 S.W.2d at 795 ("all derivative actions are per se 'true' class actions ..."). *See also* 4 HERBERT NEWBERG, ET. AL., NEWBERG ON CLASS ACTIONS § 22.87 (3d. ed.1992)(derivative action is a special category of class suit).

### 2. Nature of the Trial Court's Order

The applicable provision of the Texas Civil Practice and Remedies Code grants a person the right to appeal from an interlocutory order only if the order "certifies or refuses to certify a class in a suit brought under Rule 42 of the Texas Rules of Civil Procedure."

TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(3) (Vernon Supp.1997). Clearly, the order dismissing the derivative suit brought by appellants under Rule 42 was interlocutory.[2] In light of our holding above, the only question remaining which is relevant to our jurisdiction is whether the order granted by the trial court was one that certified or refused to certify a class. We find in favor of jurisdiction.

Despite its use in the Texas Civil Practice and Remedies Code, we note that the word "certify" is not found within the text of Rule 42. Rule 42 does, however, impose a duty on the court to determine, as soon as practicable, whether the suit is maintainable as a class action. TEX.R. CIV. P. 42(c)(1). Accordingly, a court "certifies" or refuses to "certify" a suit as a class action when it determines, as is required under Rule 42(c)(1), whether the suit meets the requirements of Rule 42. *Forsyth v. Lake LBJ Inv. Corp.,* 903 S.W.2d 146, 150 (Tex.App.—Austin 1995, dismissed w.o.j.)(trial court may *certify* class action if plaintiff establishes all four prerequisites for class action and meets at least one of criteria for class maintenance); *American Express Travel Related Serv. Co., Inc. v. Walton,* 883 S.W.2d 703, 708 (Tex. App.—Dallas 1994, no writ)(trial court may *certify* class action if plaintiff satisfies rule 42(a)).

As stated above, appellee directors filed a motion to dismiss appellants' derivative suit claiming that a conflict prevented appellants from adequately representing similarly situated shareholders. After a hearing, the trial court granted this motion. We hold that the trial court's order dismissing appellants' derivative suit was a determination by the trial court that the derivative suit brought by appellants was not maintainable under Rule 42(a) of the Texas Rules of Civil Procedure. Thus, the trial court's order was, in effect, a refusal to certify, and is appealable under § 51.014(3) of the Texas Civil Practice and Remedies Code.[3] The appellees' motion to dismiss appeal is denied.

---

**2.** All parties agree that the order was interlocutory. Notwithstanding the agreement among the parties, we note that the order, which does not

affect appellants' individual claims, was interlocutory.

**3.** The trial court's order dismissing appellants' derivative suit based on appellants' inability to

DISMISSAL OF DERIVATIVE SUIT

As stated above, the officers and directors of appellee corporation filed a motion to strike the DeBords' derivative claims alleging that the DeBords' personal claims against Circle Y and Cow Country created a conflict with their [the DeBords'] ability to fairly and adequately represent the interests of other shareholders. Having found jurisdiction, we now consider the DeBords' argument that the trial court abused its discretion in striking their derivative claims because there was no evidence that the DeBords would not fairly and adequately represent the interest of the shareholders similarly situated.

■ Rule 42(a) of the Texas Rules of Civil Procedure prohibits the maintenance of a derivative suit "if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders." TEX.R. CIV. P. 42(a). Determining whether the derivative plaintiff meets this standard "is firmly committed to the discretion of the trial court, reviewable only for abuse." *Smith v. Ayres*, 977 F.2d 946, 948 (5th Cir.1992), *cert. denied*, 508 U.S. 910, 113 S.Ct. 2342, 124 L.Ed.2d 252 (1993);[4] *see also St. Louis Southwestern RR Co. v. Voluntary Purchasing Groups, Inc.*, 929 S.W.2d 25, 30 (Tex. App.—Texarkana 1996, n.w.h.)(review of trial court's determination that case proceed as a class action limited to determining whether trial court abused its discretion); *Vinson v. Texas Commerce Bank–Houston, N.A.*, 880 S.W.2d 820, 824–25 (Tex.App.—Dallas 1994, no writ). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles, or in other words, whether the trial court acted in an arbitrary and unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701

S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). A trial court abuses its discretion when there is no evidence to support its ruling. *Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex.1989); *D.N.S. v. Schattman*, 937 S.W.2d 151, 155 (Tex.App.—Fort Worth 1997, n.w.h.).

■ The defendants in a derivative action, here appellees, have the burden of showing that the derivative plaintiff is an inadequate representative. *See Eye Site, Inc. v. Blackburn*, 796 S.W.2d 160, 162 (Tex.1990)(citing *Halsted Video, Inc. v. Guttillo*, 115 F.R.D. 177, 179 (N.D.Ill.1987)). In an attempt to meet its burden, appellees argued only that the DeBords' individual claims *against* the corporation created a conflict with their ability to fairly and impartially bring derivative claims *on behalf of* the corporation. Such conflict, appellees argued, prevented the DeBords from being fair and adequate representatives of similarly situated shareholders of the corporations. Because we disagree with the premise underlying appellees' argument, and because there was no other evidence set forth by appellees regarding the DeBords' inability to represent shareholders similarly situated, we sustain the DeBords' point of error.

■ We note that it is unclear from the record whether all remaining shareholders are named as defendants. When bringing a derivative suit on behalf of a close corporation where all remaining shareholders are named as defendants, the adequacy test of Rule 42(a) is met as a matter of law. *Eye Site*, 796 S.W.2d at 162–63.[5] It is unclear whether this rule requires the derivative plaintiff to come forward with evidence of its applicability, or whether negating *Eye Site*, by showing the existence of another similarly

---

fairly and adequately represent other similarly situated shareholders is no different than a determination by the trial court that a "plain vanilla" class action is not maintainable because the representative plaintiff will not fairly and adequately protect the interests of the class as is required under Rule 42(a)(4). Certainly, interlocutory appeal pursuant to § 51.014(3) of the Texas Civil Practice and Remedies Code is available in the latter situation. *See Forsyth*, 903 S.W.2d 146; *Employers Casualty Co. v. Texas Assoc. of School Boards Workers' Compensation Self–Ins. Fund*,

886 S.W.2d 470, 475–76 (Tex.App.—Austin 1994, dismissed w.o.j.); *Walton*, 883 S.W.2d at 707.

4. Both parties agree that federal decisions involving FED.R.CIV.P. 23.1, from which the shareholder derivative provisions of TEX.R. CIV. P. 42 are adopted, provide persuasive authority.

5. Justice Gonzalez feels that the adequacy test of Rule 42(a) does not even apply in such a situation. *Eye Site*, 796 S.W.2d at 164 (Gonzalez, J., concurring).

situated shareholder, not named as a defendant, whose interests cannot be adequately represented by the derivative plaintiff, is part of the defendant's burden under Rule 42(a). We need not address this question, however, because we find that the appellees, assuming *arguendo* the applicability of the adequacy test under Rule 42(a), did not meet their burden.

■■■■ Corporations are separate legal entities, and when an injury is alleged to the corporation, generally only the corporation may seek recovery for it. *Wingate v. Hajdik*, 795 S.W.2d 717, 718–19 (Tex.1990); *Herzing v. Metro. Life Ins. Co.*, 907 S.W.2d 574, 584 (Tex.App.—Corpus Christi 1995, writ denied). This rule, however, does not prohibit a shareholder from recovering damages for wrongs done to him or her individually. *Wingate*, 795 S.W.2d at 719. Stated differently, a stockholder may individually sue corporate directors, officers, or another stockholder to vindicate a personal, as distinguished from a corporate, right. *Id.; Herzing*, 907 S.W.2d at 584; *see also* 19 AM.JUR.2D *Corporations* § 2245 (1986); 18 C.J.S. *Corporations* § 356 (1990). Accordingly, as long as the DeBords' individual claims are personal to the DeBords, the DeBords can properly assert such claims against the defendant shareholders and directors.

■■■ Majority shareholders are sometimes said to stand in a fiduciary relationship both with the corporation which they control and with the minority shareholders. *Pepper v. Litton*, 308 U.S. 295, 306–07, 60 S.Ct. 238, 245, 84 L.Ed. 281 (1939). This is especially true when the corporation is closely held by a small number of shareholders who operate more as partners than in strict compliance with the corporate form. In such a situation, it may be proper for the shareholders to bring an individual action even though, technically, the cause of action may rest with the corporation. 19 AM.JUR.2D *Corporations* § 2246 (1986). Consequently, claims of oppressive conduct arising out of the fiduciary duties owed by the majority shareholders to the minority shareholders are, in our opinion, individual claims of the minority shareholders.

Allowing a minority shareholder to sue the majority shareholder(s) in his individual capacity is not without Texas precedent. In *Davis v. Sheerin*, 754 S.W.2d 375 (Tex. App.—Houston [1st Dist.] 1988, writ denied), for example, James Sheerin, the minority shareholder in a closely held corporation, successfully brought suit individually and as a shareholder on behalf of the corporation, based on allegations of the majority shareholder's and another officer's oppressive conduct toward Sheerin as a minority shareholder, and their breaches of fiduciary duties owed to Sheerin and the corporation. The Houston Court of Appeals affirmed the trial court's decision awarding, among other relief, (1) an equitable buy-out by the majority shareholder and other officer of Davis's stock in the corporation, and (2) damages in the amount of $20,893 to Sheerin, individually, for the majority stockholder's and the officer's willful breach of fiduciary duty in receiving informal dividends by making contributions to a profit sharing plan for their benefit and to the exclusion of Sheerin. In *Duncan v. Lichtenberger*, 671 S.W.2d 948 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.), minority shareholders brought an equity action against the majority shareholder seeking reimbursement for their monetary contributions to the corporation on the basis of the majority shareholder's alleged breach of fiduciary duty and fraud. The trial court entered judgment in accordance with the jury's finding that the actions of the majority shareholder resulted in a breach of fiduciary duty owed directly to the minority shareholders, awarding $16,000 to the minority shareholders. The Fort Worth Court of Appeals affirmed the judgment in favor of the minority shareholders stating only that the breach of a fiduciary duty is the type of wrong for which the courts afford a remedy, and that the existence of fraud is not required for a breach of fiduciary duty to occur. *Id.* at 953–54.

These cases are factually similar to the case at hand. The DeBords' First Amended Original Petition shows an individual claim against the majority shareholders for oppressive conduct and a derivative claim against the officers and directors for various breach-

es of fiduciary duty.[6] This petition alleges no claim *against* Circle Y and Cow Country. Rather, the DeBords, alleging breach of fiduciary duties owed directly to them as minority shareholders (oppressive conduct), seek an equitable buy-out from the majority shareholders. This form of relief was expressly held appropriate in an individual suit by minority shareholder against the majority shareholder in the *Davis v. Sheerin* case. (See above).

■ Although the First Amended Original Petition names Circle Y as a party defendant, it is well-established that the corporation is an indispensable party to a shareholders' derivative suit. *Barthold v. Thomas,* 210 S.W. 506, 507–08 (Tex. Comm'n App.1919, judgm't. adopted); *Providential Inv. Corp. v. Dibrell,* 320 S.W.2d 415, 418 (Tex.Civ.App.—Houston 1959, no writ); *see also Motorola, Inc. v. Chapman,* 761 F.Supp. 458, 461 (S.D.Tex.1991). Thus, the corporation is joined as a nominal defendant even though any judgment would run in its favor. *Meyer v. Fleming,* 327 U.S. 161, 167, 66 S.Ct. 382, 386, 90 L.Ed. 595 (1946); *Clark v. Lomas & Nettleton Fin. Corp.,* 79 F.R.D. 658, 659 (D.C.Tex. 1978); *Dibrell,* 320 S.W.2d at 418. Consequently, because it is clear that the DeBords seek derivative claims in addition to their individual claims, the naming of the corporation in the petition has no effect on the adequacy of representation analysis.

We hold, after examining the pleadings and the statement of facts, that the individual claims asserted by the DeBords are personal claims against the majority shareholders, officers and directors, rather than claims against the corporation as is argued by appellees.[7] As such, the whole basis for appellees' motion to dismiss, that the DeBords are asserting claims both *against* the corporation and claims *on behalf of* the corporation, fails. Accordingly, in the absence of any other

evidence that the DeBords could not adequately and fairly represent the interests of other shareholders, we hold that the trial court abused its discretion in dismissing the DeBords' derivative claims. Accordingly, we reverse the dismissal of the DeBords' derivative claims, and remand such claims for trial along with the DeBords' individual claims.

---

**6.** Despite theoretical conflict, (especially when dealing with a close corporation), direct and derivative actions may be brought simultaneously. 19 AM.JUR.2D *Corporations* § 2242 (1986); *see Davis,* 754 S.W.2d 375 (plaintiffs successfully brought individual claims and derivative claims against majority shareholder and another officer in closely held corporation).

**7.** We do not address the merits of the DeBords' individual claims for oppressive conduct. The DeBords' individual claims were not subject to appellees' motion to dismiss and as such, are not a subject of this interlocutory appeal other than to the extent they are relevant to the trial court's decision to dismiss the DeBords' derivative claims.